James ADAMS, Jr., Plaintiff,

v.

Charles L. WOLFF, Jr.; John Slansky; Fred Mayer; Ronald Hansen; Lt. R. Jones; James Dredge; and David Brady, Defendants.

James ADAMS, Jr., Plaintiff,

v.

Charles L. WOLFF, Jr.; John Slansky; Max Neuneker; Eugene Ewing; Gary True; John C. Gould; Don Helling; James Dredge; Ron Fosnaugh; George W. Sumner, Defendants.

Nos. CV–R–80–258–ECR, CV–R–82–43–ECR.

United States District Court, D. Nevada.

April 18, 1986.

order before serving its settlement demand, so it

is not without fault in the settlement delay.

James Adams, Jr., in pro. per.

Office of the Atty. Gen., Criminal Div., Carson City, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The defendants have filed a motion for an award of costs pursuant to Fed.R.Civ.P. 68. On November 29, 1984, they served an offer of judgment on plaintiff Adams, in which they offered to allow judgment to be taken against them in the amount of $500.00, including all costs and fees. The plaintiff rejected the offer in writing. After three days of trial, he obtained a lesser judgment totalling $444.47.

The costs requested by the defendants consist of $556.32 in salary and $77.78 in fringe benefits for their employees' time spent at trial, plus $1,700.00 in attorney fees. The last item is based on seventeen hours of actual trial time at $100.00 per hour.

An opposition to the motion has been filed by plaintiff Adams. He contends that he was the sole plaintiff in both of the above-numbered cases, yet the offer of judgment was directed to both himself and James Jones, Jr. Jones had been a co-plaintiff with Adams in a third case (CV–R–81–80–ECR), that had been listed in the title of the offer of judgment. In addition, the word "plaintiffs" (plural) was used three times in the body of the offer of judgment. Adams argues that the offer was meant to be shared by himself and Jones, therefore the judgment he obtained ($444.47) was more favorable than his share of the $500.00 offered by the defendants. Also, Adams notes that the defendants served a copy of the offer of judgment on Jones, as well as himself.

Nevertheless, in his opposition Adams also complains that the offer of judgment was improper and ineffective because it "... indicated that case no. CV–R–81–80–ECR was still an issue to be tried or settled and that James Jones, Jr. was yet a plaintiff in the matter to share with Plaintiff the $500.00 offer whereas both counsel and defendants well knew ten months prior to their offer of November 29, 1984, that the case in which James Jones, Jr. was a plaintiff with plaintiff James Adams, Jr. case no. CV–R–81–80–ECR had been completely disposed of by summary judgment on January 25, 1984, in favor of the defendants named therein and that James Jones, Jr. was not a plaintiff in any other litigation...."

The record reflects the accuracy of Adams' rendition of the posture of the litigation. Three cases were consolidated by Court order on August 20, 1982. They were CV–R–80–258–ECR, in which Adams was the sole plaintiff, CV–R–82–43–ECR, in which Adams was the sole plaintiff, and CV–R–81–80–ECR in which Adams and Jones were co-plaintiffs. The consolidated cases had been assigned to United States

Magistrate Phyllis Halsey Atkins who, on December 28, 1983, filed a Report and Recommendation in which she recommended that summary judgment be granted the defendants in CV–R–81–80–ECR. The undersigned adopted the recommendation in an Order filed January 24, 1984. Summary judgment was entered on January 25, 1984. Since that time, Jones has not been a party to the litigation. He did not participate in the pretrial conference nor in the trial conducted by Magistrate Atkins at Nevada State Prison on April 24, 25 and 26, 1986.

An offer of judgment under Rule 68 is analogous to a contract offer, therefore the offeree must have a clear understanding of the terms of the offer when he decides whether to accept or reject it. *Boorstein v. City of New York*, 107 F.R.D. 31, 33–34 (S.D.N.Y.1985). The surrounding facts and circumstances may be used as evidence of the offeree's understanding or lack of it. See *Id.* at 35; *Lyons v. Cunningham*, 583 F.Supp. 1147, 1159 (S.D.N.Y.1983).

In this instance, plaintiff Adams' written rejection of the offer of judgment is part of the record. It is dated December 5, 1984. Among other things, it declares "that any offer made to Plaintiff Adams must exceed by far the $500 previously offered him...." Later in the same document, Adams writes that "he should have no complication proving damages in a fair and impartial Court that would by far exceed the $500 offered him." Still further on he explains that the declaratory and injunctive relief he then was seeking "would help him far more than $500 would."

From the foregoing it is clear that Adams understood, at the time the offer of judgment was tendered to him, that he was the only plaintiff left in the consolidated actions and that he would receive the entire $500.00 if he accepted the offer. Thus, there was a meeting of the minds as to the terms of the offer and it is valid.

■ Where a Rule 68 offer has been made and the judgment obtained by the plaintiff is not more favorable than the offer, it is mandatory that the plaintiff must pay the offerors' costs incurred after the making of the offer. *Waters v. Heublein, Inc.*, 485 F.Supp. 110, 113 (N.D.Cal. 1979); *Liberty Mutual Insurance Co. v. E.E.O.C.*, 691 F.2d 438, 442 (9th Cir.1982).

■ The $556.32 in salary and $77.78 in fringe benefits sought as costs by the defendants represent the compensation received by correctional officers who were especially assigned to maintain security at the trial of this cause at Nevada State Prison. Such costs are not normally allowable (*see* 28 U.S.C. § 1920) and are not taxable in this action. *See Heverly v. Lewis*, 99 F.R.D. 135, 137 (D.Nev.1983).

The defendants rely on the recent U.S. Supreme Court case of *Marek v. Chesny*, — U.S. ——, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) in claiming entitlement to attorney fees as a part of costs to which they are entitled under Rule 68. The Rule does say: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." *Marek* teaches that where the underlying statute (42 U.S.C. § 1988 in the instant action) defines costs to include attorney fees, such fees are to be included as costs for the purposes of Rule 68. 105 S.Ct. at 3017. What the case actually holds, however, is best expressed in Justice Brennan's dissent: "... [A] prevailing civil-rights litigant entitled to fees under [42 U.S.C. § 1988] is *per se* barred by Rule 68 from recovering any fees for work performed after rejecting a settlement offer where he ultimately recovers less than the proffered amount in settlement." In essence, then, *Marek* stands for the principle that Rule 68 cuts off an otherwise prevailing plaintiff from attorney fees he would have been entitled to under § 1988. The opinion doesn't answer the question, faced here, whether the defendants, who were not prevailing parties, are entitled to attorney fees as a part of the costs to which they are entitled by virtue of Rule 68.

■ Under § 1988, a defendant in a civil rights case may recover attorney fees from the plaintiff only if the lawsuit was friv-

olous, unreasonable or without foundation. *Hughes v. Rowe,* 449 U.S. 5, 14–15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980); *Sherman v. Babbitt,* 772 F.2d 1476, 1478 (9th Cir.1985). The within action may not be so classified. The fact that the plaintiff did obtain a judgment for damages, after a trial on the merits, speaks loudly in this regard. Since the defendants' basis for claiming attorney fees as an item of costs is § 1988, and they are not entitled to them under that statute, Rule 68 will not avail them.

IT IS, THEREFORE, HEREBY ORDERED that the defendants' Motion for Award of Costs be DENIED.