**Howard Danny DENNY, Plaintiff,**

v.

**R.L. HINTON, Jr., et al., Defendants.**

No. C–85–767–R.

United States District Court,
M.D. North Carolina,
Rockingham Division.

July 26, 1990.

---

Melinda Lawrence of Smith, Patterson, Follin, Curtis, James, Harkavy & Lawrence, Raleigh, N.C., for plaintiff.

Michael Medford of Manning, Fulton & Skinner, Raleigh, N.C., for defendant Hinton.

Tiare B. Smiley—Sp. Deputy Atty. Gen. and James P. Smith, Sp. Deputy, N.C. Dept. of Justice, Raleigh, N.C., for defendants Woodard and Elliott.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Senior District Judge.

This matter is before the Court on various post-trial motions of the parties for awards of costs and attorney's fees in this civil rights action brought by plaintiff against several officers and officials of the North Carolina Department of Corrections ("DOC") pursuant to 42 U.S.C. § 1983. In addition to seeking costs and fees from

plaintiff, defendants James Woodard and Robert Elliott also ask the Court to impose sanctions on plaintiff and his attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure.

After consideration of the parties' motions and the materials submitted therewith, the Court will deny plaintiff's motion for attorney's fees, will allow defendants Woodard and Elliott to recover their costs from plaintiff pursuant to Fed.R.Civ.P. 54(d) and defendant Hinton to recover his costs incurred after February 18, 1986 from plaintiff pursuant to Fed.R.Civ.P. 68, and will impose Rule 11 sanctions on plaintiff and his attorney.

## FACTS

Plaintiff instituted this action on June 14, 1985, seeking damages for an alleged beating by correctional officers at the Piedmont Correctional Center ("PCC") which he claimed violated his constitutional rights under the Eighth and Fourteenth Amendments. Plaintiff alleged that such beatings were part of a pattern of abuse of inmates by PCC officers and that certain PCC supervisors knew of and condoned such abuse. Plaintiff also alleged that PCC and DOC officials conspired to conceal the alleged beating and other instances of inmate abuse.

Plaintiff sought recovery from ten defendants, all of whom were employees of the State during or subsequent to the time of the alleged beating. Defendant Woodard was serving as Secretary of the North Carolina Department of Corrections at the time of the alleged beating; defendant Hinton was superintendent of the correctional center at the time of the assault, and defendant Elliott was hired as assistant superintendent nine months after the alleged attack. The Attorney General's office initially represented all of the defendants, but as a result of a possible conflict of interest between Hinton and certain other defendants, the Attorney General withdrew as Hinton's counsel.

Before withdrawing as counsel for Hinton, the Attorney General, on behalf of all defendants, tendered a Rule 68 offer of judgment for $5,000.00 plus costs and attorney's fees. Plaintiff rejected the offer. The Court subsequently granted summary judgment in favor of Woodard and Elliott, and the remaining defendants, other than Hinton, were dropped from the suit. Trial of the action solely against Hinton resulted in a jury verdict in favor of plaintiff for $1.00 compensatory damages and no punitive damages.

Following trial, the Court denied plaintiff's motion for a partial new trial on the issue of damages and his motion for treble damages. Plaintiff appealed and the Fourth Circuit Court of Appeals affirmed the decisions of this Court on all issues raised on appeal. *Denny v. Hinton*, 900 F.2d 251 (4th Cir.1990). The parties are now before the Court seeking resolution of several matters, including a Rule 11 motion for sanctions and the proper apportionment of fees pursuant to the Rule 68 offer of judgment.

## DISCUSSION

### A. *Plaintiff's Motion for Attorney's Fees*

Plaintiff has moved for an award of attorney's fees pursuant to 42 U.S.C. § 1988 for expenses incurred through February 28, 1986, 10 days after defense counsel hand delivered the offer of judgment. The award sought by plaintiff is composed of three separate elements: (1) a "lodestar amount" of $15,125.00 for 121 hours of representation; (2) interest on the lodestar for more than four years and (3) and an additional "contingency enhancement" of the foregoing amounts to compensate plaintiff's counsel for the contingent nature of the fee recovery.

Awards of attorney's fees are permitted in § 1983 suits pursuant to 42 U.S.C. § 1988, which provides in pertinent part that a federal court "[i]n any action or proceeding to enforce a provision of [section 1983 of this title] ... in its discretion, may allow the *prevailing party* ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (1982) (emphasis added). Thus, in order to determine whether plaintiff is entitled to an award of attorney's

fees, the Court must decide whether plaintiff was a "prevailing party" in this lawsuit.

A plaintiff is considered a "prevailing party" for purposes of § 1988 if he " 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–279 (1st Cir.1978)). The Supreme Court recently reaffirmed the *Hensley* prevailing party standard in *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 749, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) and offered further instruction to guide the court in determining whether a party has "prevailed" sufficiently to recover attorney's fees under § 1988.

The Court in *Texas Teachers* emphasized that although plaintiff need not prevail on the "central issue" of the lawsuit, "at a minimum, . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* at ——, 109 S.Ct. at 1493, 103 L.Ed.2d at 877; *see also Rhodes v. Stewart*, 488 U.S. 1, 3–4, 109 S.Ct. 202, 203–04, 102 L.Ed.2d 1, 6 (1988) ("[A judgment] will constitute relief, for purposes of § 1988, if, and only if, it affects the behavior of the defendant towards the plaintiff.") The Court also stated that if plaintiff's success is so insignificant that it can be characterized as "purely technical or *de minimis*," then the plaintiff cannot be considered a prevailing party under § 1988. *Texas Teachers*, 489 U.S. at ——, 109 S.Ct. at 1493, 103 L.Ed.2d at 877.

The Fourth Circuit recently addressed the prevailing party issue in *Spencer v. General Electric Co.*, 894 F.2d 651 (4th Cir.1990). The court relied upon the standard set forth in *Texas Teachers*:

As long as the plaintiff can 'point to a resolution of the dispute which changes the legal relationship between itself and the defendant' . . . that plaintiff has prevailed. [*Texas Teachers*, 489 U.S. at ——, 109 S.Ct. at 1493, 103 L.Ed.2d at 877] . . . The Court recognized the inher-

ent limits to this rule and noted that, in a rare case, a plaintiff's technical success on a claim may be so *de minimis* that it cannot be said that the plaintiff has 'prevailed' for fee-shifting purposes. *Id.*

Turning to the case at hand, if we were to look only at the one dollar judgment entered below in evaluating Spencer's success, we might be faced with just such a rare case. However, our inquiry should not be so limited. In *Child v. Spillane*, 866 F.2d 691, 692–93 (4th Cir. 1989), we recognized that to get a truer picture of a plaintiff's success we should look outside the final judgment to voluntary actions taken by a defendant so long as those actions are causally connected to the litigation.

*Spencer*, 894 F.2d at 662.

In *Spencer* the district court found that plaintiff's suit had "served as a catalyst for the prompt development and promulgation of G.E.'s revised [anti-harassment] policy." *Spencer v. General Electric Co.*, 706 F.Supp. 1234, 1238 (E.D.Va.1989). Because Spencer's lawsuit accomplished other results sought by her in addition to the one dollar judgment, the court of appeals affirmed the trial court's holding that she was a prevailing party for fee shifting purposes.

In the case *sub judice*, plaintiff would be a "prevailing party" if this lawsuit can be said to have changed the "legal relationship" between him and defendant Hinton. The Court agrees with defense counsel, however, that plaintiff can point to no meaningful success beyond his *de minimis* one dollar judgment, a judgment which obviously had no effect on the relationship between plaintiff and Hinton. Hinton had been removed as Superintendent of Piedmont Correctional Center over two years prior to the commencement of this action and plaintiff had been transferred from PCC over one year before he filed the suit. Thus, plaintiff can not point to any "voluntary actions taken by . . . defendant . . . [that] are causally connected to the litigation," *Spencer*, 894 F.2d at 662, that served to catalyze a new legal relationship between himself and defendant.

Therefore, the Court can look only to the one dollar judgment entered below in evaluating plaintiff's success. It is difficult to characterize the one dollar judgment in favor of plaintiff as anything but "purely technical" or *"de minimis."* Such purely technical or *de minimis* success on a legal claim is insufficient to mandate an award of attorney's fees pursuant to § 1988. *Texas Teachers.* Accordingly, plaintiff's motion for attorney's fees is denied.[1]

### B. *Woodard and Elliott's Motion for an Award of Costs*

Defendants Woodard and Elliott have moved the Court to amend its order of March 13, 1987, which granted summary judgment in their favor, to award costs to these defendants pursuant to Fed.R.Civ.P. 54(d). This motion is unnecessary and will be denied as moot since Rule 54(d) provides that "costs shall be allowed as of course to the prevailing party *unless the court otherwise directs* ..." (emphasis added). Since the order did not direct otherwise, defense counsel should have realized that defendants, after having prevailed on the summary judgment motion, were entitled to costs as a matter of course. Though the motion is denied as moot, defendants Woodard and Elliott are entitled to recover their costs from plaintiff pursuant to Rule 54(d).

### C. *Defendants' Offer of Judgment*

On February 18, 1986, Assistant Attorney General James Smith hand delivered to plaintiff's counsel an offer of judgment pursuant to Rule 68 [2] on behalf of all defendants in the amount of $5,000 plus costs and fees. Plaintiff did not accept the offer within the ten days provided by the rule, and defendants contend that they are entitled to recover their costs incurred subsequent to the date of the offer. The resolution of this issue with regard to defendants Woodard and Elliott is moot given their award of costs by the Court pursuant to Rule 54(d); however, the provisions of Rule 68 remain applicable to the resolution of defendant Hinton's motion for an award of post-offer costs.

■ The first sub-issue before the Court with respect to the offer of judgment is whether costs are shifted under the rule 10 days after the making of the offer or immediately after the actual date of the offer. Defendants assert that costs are shifted after the date of the service of the offer rather than the date of the rejection of the offer which, if adopted by the Court, would preclude plaintiff from recovering expenses for depositions taken on February 19 and 20, 1986—two days immediately following the service of the offer of judgment on February 18, 1986.

Defendants emphasize that Rule 68 expressly states that "if the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred **after the making of the offer.**" (emphasis added). Though the Fourth Circuit has yet to address this issue, the court affirmed a decision from the Eastern District of Virginia in which the district court stated in its conclusion that "accordingly, plaintiff is barred from receiving an award of fees and costs incurred after February 17, 1988, *the date of the offer.* Fees and costs incurred *before that*

---

1. The Court is aware of the numerous decisions on which plaintiff relies which hold that an award of nominal damages is sufficient to establish prevailing party status, most notably the Fourth Circuit's opinion in *Ganey v. Edwards,* 759 F.2d 337, 340 (1985), in which the court stated that "[a] monetary damage award or equitable relief is not required before a plaintiff or a defendant in a § 1983 suit may be treated as the prevailing party for the purpose of awarding costs and attorney's fees." *Ganey* and the other cases upon which plaintiff relies preceded the Supreme Court's recent decision in *Texas Teachers* in which the Court instructed that a plaintiff

must "point to a resolution of the dispute which changes the legal relationship between itself and defendant." 489 U.S. at ——, 109 S.Ct. at 1493, 103 L.Ed.2d at 877. In light of this recent pronouncement by the Supreme Court, the Court determines that plaintiff's pre-*Texas Teachers* cases are inapplicable to the resolution of this issue.

2. Fed.R.Civ.P. 68 provides in pertinent part, "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred *after the making of* the offer."

*date* are unaffected." *Spencer v. General Electric Co.*, 706 F.Supp. 1234, 1243 (E.D. Va.1989), *aff'd*, 894 F.2d 651 (4th Cir.1990) (emphasis added).

Other courts have also shed light on the proper resolution of this issue. The Ninth Circuit in *Liberty Mutual Ins. Co. v. EEOC*, 691 F.2d 438 (1982) stated in dicta that

> although the district court normally has discretion under Rule 54(d) as to whether to award costs to the prevailing party, where a Rule 68 offer is made and the judgment finally obtained by the plaintiff is not more favorable than the offer, he must pay the costs incurred *after the asking of the offer....* Having made a Rule 68 offer identical to the judgment ultimately entered, the state is entitled to the costs incurred *after the making of the offer.*

*Id.* at 442 (emphasis added). *See also Crossman v. Marcoccio*, 806 F.2d 329, 333 (1st Cir.1986) ("On August 29, 1984, the named defendants answered the complaint and, in accordance with Rule 68, simultaneously filed an offer of judgment.... The district court, therefore, correctly ruled that the Crossmans are responsible for all costs incurred by [defendants] after August 29, 1984."); *Hutchison v. Wells*, 719 F.Supp. 1435, 1443 (S.D.Ind.1989) ("[t]he plain meaning of the language is that a Rule 68 offer implicitly includes an award for the costs ... incurred up to the time the offer is made."); *Adams v. Wolff*, 110 F.R.D. 291, 293 (D.Nev.1986) ("where a Rule 68 offer has been made and the judgment obtained by the plaintiff is not more favorable than the offer, it is mandatory that the plaintiff must pay the offerors' costs incurred after the making of the offer.")

Plaintiff relies on an excerpt from the Supreme Court's decision in *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) to argue that plaintiff's entitlement to fees should terminate as of the date of the rejection of the offer. In *Marek* the Supreme Court held that a prevailing civil rights plaintiff who recovers an amount less than the defendant's Rule 68 offer of

judgment cannot recover his post-offer attorney fees pursuant to § 1988. In dicta the court stated that "civil rights plaintiffs who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed *after the offer is rejected.*" *Id.* at 10, 105 S.Ct. at 3017, 87 L.Ed.2d at 10 (emphasis added). However, in the last sentence of the majority opinion, the Court stated that "we hold that petitioners are not liable for costs of $139,692 incurred by respondent *after* petitioners' *offer* of settlement." *Id.* at 12, 105 S.Ct. at 3018, 87 L.Ed.2d at 11 (emphasis added). Notwithstanding this language of the Supreme Court on which plaintiff relies, the Court finds that the case law overwhelmingly supports defendants' position that costs are shifted to the plaintiff as of the date of the offer of judgment.

■ The second sub-issue before the court is whether Rule 68 operates solely to preclude plaintiff's recovery of costs after the date of offer or whether it additionally operates to shift to plaintiff the costs incurred by defendants after that date. In *Crossman v. Marcoccio, supra,* the First Circuit, in a thorough and well reasoned opinion, held that a plaintiff who refuses an offer of judgment and later fails to obtain a more favorable judgment must pay defendant's post-offer costs:

> First, the language of Rule 68 provides that 'the offeree *must pay the costs incurred* after the making of an offer.' There is no language in the Rule limiting the scope of term 'costs' to offeree's own costs. Furthermore, the Rule stresses that the offeree must *pay* the costs incurred, thus suggesting an affirmative action. The drafters, had they meant to adopt [plaintiff's] position, could easily have employed more passive language providing that the offeree 'shall bear its own costs' ... but apparently they chose otherwise.

> Finally, we note that ... every court addressing this issue thus far has held that Rule 68 obligates plaintiffs to pay defendants' post-offer costs after reject-

ing an offer more favorable than the judgment eventually obtained.

*Id.* at 331–32. *Accord O'Brien v. City of Greers Ferry*, 873 F.2d 1115 (8th Cir.1989); *Liberty Mutual Ins. Co. v. EEOC*, 691 F.2d 438 (9th Cir.1982). The Court adopts the reasoning of the First Circuit and, accordingly, rejects plaintiff's position that Rule 68 serves only to preclude plaintiff's recovery of costs after the date of the offer and does not shift to plaintiff the costs incurred by defendant after that date.

■ A third sub-issue before the Court with respect to the Rule 68 offer of judgment is whether defendants' post-offer attorney's fees are a part of the Rule 68 "costs" that are shifted to plaintiff. Defendant Hinton concedes that the only two circuits which have addressed this issue have held that the Rule 68 cost shifting provisions only operate to authorize an award of attorney's fees to defendants in those limited circumstances where the plaintiff's claims are found to be frivolous or without foundation in accordance with the standards set forth in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) and *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

■ In *O'Brien v. City of Greers Ferry*, 873 F.2d 1115 (8th Cir.1989), the Eighth Circuit Court of Appeals relied extensively upon the First Circuit's decision in *Crossman v. Marcoccio*, 806 F.2d 329 (1st Cir. 1986), *cert. denied*, 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987), to affirm a district court's refusal to include attorney's fees in the costs shifted to a plaintiff who refused to accept an offer of judgment which was more favorable than his recovery at trial. The court wrote:

> We agree with the First Circuit that attorney's fees are awardable to defendants in such cases only if the underlying statute awards such fees. In this case, [the defendants] may only recover attorney's fees if such fees are properly awardable under section 1988, the underlying statute. Under section 1988, a defendant in a civil rights case may recover attorney's fees from the plaintiff only if

the action was frivolous, unreasonable or without foundation.

873 F.2d at 1120. The *O'Brien* Court concluded that the plaintiff's suit was not frivolous or unreasonable since the jury found in his favor and thus affirmed the denial of attorney's fees. Accordingly, in the instant case, attorney's fees should be included in the Rule 68 "costs" only if Denny's suit was frivolous, unreasonable or without foundation. In light of the jury verdict in plaintiff's favor, the Court concludes that the filing of plaintiff's suit against Hinton was not frivolous, unreasonable or without foundation and, accordingly, will not include Hinton's post-offer attorney's fees in the costs shifted to plaintiff pursuant to the offer of judgment.

Hinton is, however, entitled to recover from plaintiff all other costs incurred after February 18, 1986, the date of the offer of judgment. Rule 68 provides that when defendants serve the opposing party more than 10 days before trial with an offer of judgment for money and accrued costs which is ultimately rejected by the offeree, the offeree must pay the costs incurred after the making of the offer if the judgment obtained is not more favorable than the offer. The offer in the instant case satisfies these requirements. Therefore, the Court finds that defendant Hinton is entitled to recover costs incurred after February 18, 1986, excluding attorney's fees, from plaintiff.

D. *Defendants Woodard and Elliott's Motion for Rule 11 Sanctions and Attorney's Fees Pursuant to 42 U.S.C. § 1988*

Rule 11 of the Federal Rules of Civil Procedure, as amended in 1983, provides in pertinent part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modifi-

cation, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed.R.Civ.P. 11. The rule further states that if a pleading is signed in violation of the rule the court "shall impose upon the person who signed it, a represented party, or both, an appropriate sanction." *Id.*

The Fourth Circuit has held that the proper inquiry in ruling on Rule 11 motions is whether "a reasonable attorney in like circumstances would believe his actions to be factually and legally justified." *Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir.1987). If the actions of an attorney or a party fail to meet this standard, an award of sanctions is mandatory under the rule. *Id.* at 466.

In *Fahrenz v. Meadow Farm*, 850 F.2d 207 (4th Cir.1988), the Fourth Circuit affirmed the district court's conclusion that counsel who pursued claims after depositions made clear that the claims were not "well grounded in fact" violated Rule 11. The court reasoned:

> [W]e can only conclude that the plaintiff's pursuit of its cause of action was objectively frivolous once the three key witnesses had been deposed and had repudiated the accusations that had formed the basis for the plaintiff's amended complaint. Plaintiff's counsel acted unreasonably in filing a brief in opposition to summary judgment once this evidence came to light. We conclude, therefore, that the trial court's order imposing Rule 11 sanctions ... is entitled to deference as it was not an abuse of discretion.

*Id.* at 210. The court continued in a footnote:

> The crux of the district court's order imposing sanctions was that plaintiff's counsel continued to pursue their claims for some time after it would have been reasonable and responsible to dismiss the claims. Under these circumstances it was not an abuse of discretion for the

district court to impose sanctions pursuant to Rule 11 ...

*Id.* at 211 n. 1.

Judge Fox of the Eastern District of North Carolina relied on *Fahrenz* to impose a continuing obligation on a party to withdraw a claim, though reasonable when filed, once subsequent developments made it unreasonable. In *Harris v. Marsh*, 123 F.R.D. 204 (E.D.N.C.1988), Judge Fox reasoned:

> Finally, although recent circuit authority has raised some question as to whether a litigant has a continuing obligation under Rule 11 to update, correct, or withdraw a once-valid document ... if it later learns there is no reasonable basis for the assertions contained therein ... this court continues to believe the obligation exists. Claims cannot be pressed to trial once it has become clear from discovery that they are baseless.

*Id.* at 229. *See also Propst v. Greene*, 123 F.R.D. 535, 542 (W.D.N.C.1988) ("Counsel have a continuing duty under Rule 11 to inquire into the facts, and counsel cannot ignore realities once facts come to their attention which indicate that an earlier reliance was misplaced"); *Harris v. Marsh*, 679 F.Supp. 1204, 1386–87 (E.D.N.C.1987) ("Finally, an attorney ... must not only conduct a reasonable investigation into the facts and law before filing, but continually must review and reevaluate his position as the case develops.... This *continuing obligation* requires abandonment of claims ... as soon as it becomes apparent it is unreasonable to pursue them."); *Coburn Optical Indus., Inc. v. Cilco, Inc.*, 610 F.Supp. 656, 660 (M.D.N.C.1985) ("To persist in claims or defenses beyond a point where they can no longer be considered well grounded violates Rule 11").

■ In the case *sub judice*, plaintiff's attorney, after having had full opportunity for discovery, should have realized that the claims against Woodard and Elliott were wholly invalid and that there existed no reasonable basis on which to form a belief that either of these defendants could be liable to plaintiff. Elliott did not begin work at Piedmont Correctional Center until

more than nine months after the alleged assault; even after realizing this and failing to discover any evidence that Elliott was involved in a "cover up" of the beating, plaintiff continued to name him as a defendant and refused to dismiss him from the suit.

▇ With respect to defendant Woodard, the former Secretary of Correction, discovery made it abundantly clear that Woodard neither caused harm to plaintiff nor conspired to deprive plaintiff and other inmates of equal protection of the law. Indeed, the conspiracy existed among Hinton and his lieutenants who agreed to use excessive and unauthorized force on the inmates and to "cover it with paper" so as to prevent Hinton's superiors from learning of their abusive tactics.[3] Plaintiff, however, continued to pursue the action against Woodard through the appellate level. Claims cannot be pressed to trial once it becomes apparent from discovery that they are baseless. *Harris,* 123 F.R.D. at 229.

The Court will give plaintiff's attorney the benefit of the doubt with regard to the filing of the complaint, for perhaps she could have reasonably believed at the time of filing that Woodard and Elliott were involved in a conspiracy to prevent the disclosure of evidence relating to incidents of inmate abuse. However, after "coming up dry" in discovery, she should have abandoned the claims against these defendants rather than persisting to a point where the claims could no longer be considered well grounded. The day has long since passed when a plaintiff may shoot from the hip with a scattergun into a crowd of potential defendants with the hope that at least one pellet will stick in each.

Because plaintiff and his counsel refused to dismiss the claims against Woodard and Elliott once it became apparent that there was no case against them, but instead filed numerous pleadings, including but not limited to a response and brief to Woodard and Elliott's motion for summary judgment, objections to the Magistrate's findings and recommendation, and continued to advance arguments that Woodard and Elliott should remain as defendants, the Court finds that they violated Rule 11. Rather than impose an additional monetary sanction against plaintiff's counsel for violation of the rule, the Court determines that holding her jointly and severally liable with plaintiff for payment of the costs of the action, with the exception of Hinton's pre-offer of judgment costs, is an appropriate sanction. As an additional sanction, plaintiff will not recover his pre-offer of judgment costs, to which he would have been entitled pursuant to Fed.R.Civ.P. 54(d). Therefore, plaintiff and his attorney are jointly and severally liable for all of Woodard and Elliott's costs, excluding attorney's fees[4], and for Hinton's post-offer of judgment costs, excluding attorney's fees. Further, plaintiff and defendant Hinton will each bear their own costs incurred prior to the offer of judgment.

IT IS, THEREFORE, ORDERED that plaintiff's motion for attorney's fees be, and the same hereby is, DENIED.

---

3. Hinton and his co-conspirators were convicted in this Court for their brutal treatment of two prisoners long before this civil action came to trial and were sentenced to active prison terms. *United States v. Hinton,* Cr–86–84–S (M.D.N.C. 1986), *aff'd,* 828 F.2d 18 (4th Cir.1987).

4. Contemporaneous with their motion for Rule 11 sanctions, defendants Woodard and Elliott have moved in the alternative for an award of attorney's fees pursuant to 42 U.S.C. § 1988 as "prevailing parties." However, courts are reluctant to assess fees against losing plaintiffs in civil rights actions. It is well settled that "such fees are awarded only in the unusual circumstances where a case is frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Painter v. Harvey,* 863 F.2d 329 (4th Cir.1988) (citing *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). The Court has given plaintiff's attorney the benefit of the doubt with regard to the filing of the complaint. It is plaintiff's pursuit of the claims against Woodard and Elliott after the claims could no longer be considered well grounded that violates Rule 11. Having sanctioned plaintiff under Rule 11, the Court in its discretion will deny Woodard and Elliott's alternative motion for attorney's fees pursuant to 42 U.S.C. § 1988.

IT IS FURTHER ORDERED that defendants Woodard and Elliott's motion to amend the Court's order of March 13, 1987, to award costs to defendants be, and the same hereby is, DENIED as moot; however, defendants Woodard and Elliott are entitled to recover their costs from plaintiff pursuant to Rule 54(d).

IT IS FURTHER ORDERED that defendant Hinton is entitled to recover from plaintiff all costs incurred after February 18, 1986, excluding attorney's fees, pursuant to the Fed.R.Civ.P. 68 offer of judgment.

IT IS FURTHER ORDERED that Woodard and Elliott's motion for Rule 11 sanctions against the plaintiff be, and the same hereby is, GRANTED. Plaintiff's attorney, Melinda Lawrence, is jointly and severally liable with plaintiff for Woodard and Elliott's costs and for Hinton's post-offer of judgment costs; plaintiff and Hinton will bear their own costs incurred prior to the offer of judgment.

IT IS FURTHER ORDERED that Woodard and Elliott's motion for attorney's fees pursuant to 42 U.S.C. § 1988 be, and the same hereby is, DENIED.

Counsel for the defendants shall file with the Clerk their respective bills of costs within thirty (30) days of the date of this Order.