937 F.2d 603
 20 Fed.R.Serv.3d 934
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Melinda LAWRENCE, Appellant,
Howard Danny Denny, Plaintiff-Appellant,
v.
R.L. HINTON, Jr., R.O. Elliott, James Woodard, Defendants-Appellees,
and
John Doe-1, John Doe-2, John Doe-3, John Doe-4, John Doe-5,
John Doe-6, Aaron J. Johnson, Defendants.
Howard Danny DENNY, Plaintiff-Appellee,
v.
R.O. ELLIOTT, James Woodard, Defendants-Appellants,
and
R.L. HINTON, Jr., John Doe-1, John Doe-2, John Doe-3, John
Doe-4, John Doe-5, John Doe-6, Aaron J. Johnson, Defendants.
 Nos 90-7365.
 United States Court of Appeals, Fourth Circuit.
 Argued April 11, 1991.
Decided July 12, 1991.
As Amended Aug. 14, 1991.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Salisbury. Hiram H. Ward, Senior District Judge. (CA-85-767)
 Jonathan Ross Harkavy, Smith, Patterson, Follin, Curtis, James, Harkavy & Lawrence, Greensboro, N.C. (Argued), for appellant; Melinda Lawrence, Smith, Patterson, Follin, Curtis, James, Harkavy & Lawrence, Raleigh, N.C., on brief. James Peeler Smith, Special Deputy Attorney General, Raleigh, N.C., (Argued), for appellees Elliott and Woodard; Michael Terry Medford, Manning, Fulton & Skinner, Raleigh, N.C., (Argued), for appellee Hinton. Howard E. Manning, Jr., Edwin Pate Bailey, Manning, Fulton & Skinner, Raleigh, N.C., on brief.
 M.D.N.C., 131 F.R.D. 659.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Howard Denny, plaintiff below, and his lawyer, Melinda Lawrence, appeal the order granting Rule 11 sanctions against them; Denny also appeals the denial of his claim for attorney's fees. James Woodard and R.O. Elliott, defendants below, appeal the denial of their motion for attorney's fees. We affirm the district court's order in its entirety, although on one issue we affirm on slightly different grounds.
 
 I.
 
 2
 In 1985, Denny filed a civil rights action under 42 U.S.C. Sec. 1983 against several state corrections officials, claiming that he was physically abused while an inmate at the Piedmont Correctional Center and that several officials conspired to cover up the matter. On February 18, 1987, defendants made a settlement offer of $5,000.00 to Denny, but the offer was rejected. All of the defendants, except former warden Hinton, were subsequently dismissed from the case on their respective motions for summary judgment. The claims against Hinton were tried to a jury. In response to a special interrogatory, the jury answered that Denny's constitutional rights had been violated as a result of a beating he sustained at the hands of several correctional officers. The court directed a verdict against Hinton on the issue of liability, and the jury was then directed to consider the issue of damages. A verdict for one dollar in compensatory damages and no punitive damages was returned, and judgment was entered accordingly. On appeal by Denny, this court affirmed. Pointing to the lack of any solid medical evidence of injuries allegedly sustained by Denny, we held that the nominal damage award was not irreconcilable with the jury's finding that a constitutional violation had occurred. Denny v. Hinton, No. 88-7211 (4th Cir. March 13, 1990) (unpublished).
 
 
 3
 Two of the previously dismissed defendants, Woodard and Elliott, filed a motion for attorney's fees pursuant to 42 U.S.C. Sec. 1988, and for sanctions pursuant to Fed.R.Civ.P. 11. Denny moved for Sec. 1988 attorney's fees against Hinton. The district court took the various motions into consideration and crafted a single decision that sanctioned Denny and his lawyer through the realignment of liability for costs. Attorney's fees were denied to both sides. Denny v. Hinton, 131 F.R.D. 659 (M.D.N.C.1990). Denny and his lawyer appealed, and Woodard and Elliott cross-appealed.
 
 II.
 
 4
 Section 1988 provides that the district court, "in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." Denny's claim for attorney's fees rises or falls with Texas State Teachers Assoc. v. Garland Ind. School Dist., 489 U.S. 782 (1989). Texas State Teachers reaffirmed the principle that plaintiffs cross that " 'statutory threshold' of prevailing party status" only " 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.' " Id. at 789 (quoting Hensley v. Eckerhart, 461 U.S. 424 (1983)). Denny argues that the nominal award conclusively establishes him as the prevailing party and thus establishes his entitlement to attorney's fees; the size of the award, he argues, may only be considered with regard to the amount of fees. Texas State Teachers teaches otherwise.
 
 
 5
 Denny places a great deal of reliance on our recent decision in Spencer v. General Electric Co., 894 F.2d 651 (4th Cir.1990). Spencer, however, offers scant support for his argument. The Spencer court pointed out that Texas State Teachers "noted that, in a rare case, a plaintiff's technical success on a claim may be so de minimis that it cannot be said that the plaintiff has 'prevailed' for fee-shifting purposes.... [I]f we were to look only at the one dollar below in evaluating Spencer's success, we might be faced with just such a rare case." Id. at 662. We now are presented with "such a rare case," and we are convinced that the relief obtained by Denny failed to cross the " 'statutory threshold' of prevailing party status." Texas State Teachers, 489 U.S. at 789.
 
 
 6
 The district court found that Denny could "point to no meaningful success beyond his de minimis one dollar judgment, a judgment which obviously had no effect on the relationship between plaintiff and Hinton." 131 F.R.D. at 662. In Spencer, the district court specifically pointed to the defendant corporation's revised anti-harassment policy as having been prompted by Spencer's lawsuit, and, on appeal, this court held that this policy revision was a sufficiently significant result to support the prevailing party status accorded Spencer by the district court. Denny, however, has failed to explain how the relief he obtained is anything other than de minimis. He argues that the finding of a violation of a constitutional right is per se more than a nominal victory, but this argument would render the concept of de minimis relief meaningless. Every nominal damage award has as its basis a finding of liability, but obviously many such victories are Pyrrhic ones. Had Denny's lawsuit or the ultimate judgment effected some change in prison policy or the removal from office of one or more offending officials, his argument might have some force. However, Hinton was removed as superintendent of the prison one and a half years before Denny's lawsuit was even filed. We do not mean to depreciate the value of the judgment as a vindication of Denny's rights, and it cannot be denied that a host of serious abuses occurred at the Piedmont Correctional Center. However, other than the single beating that was the basis of the judgment in Denny's favor, these abuses were not uncovered as a result of the lawsuit.
 
 
 7
 Each of the post-Texas State Teachers cases cited by Denny for the proposition that nominal damages creates an entitlement to Sec. 1988 fees is distinguishable. Allen v. Higgins, 902 F.2d 682 (8th Cir.1990), is the most closely analogous case to Denny's, but the force of the holding that a fee award may be made on the basis of a $1.00 jury award alone is undermined by the Eighth Circuit's failure to cite Texas State Teachers in its opinion. The same holds true for Fyfe v. Curlee, 902 F.2d 401 (5th Cir.1990), cert. denied, 111 S.Ct. 346 (1990). The three cases cited by Denny that do cite Texas State Teachers are also distinguishable. In two of these cases, although damage awards were overturned by the appeals courts and the damage issue remanded to the trial courts, the plaintiffs obtained benefits beyond the awards (in addition to retaining the potential for a future award on remand, a possibility foreclosed in Denny's case). Herrington v. County of Sonoma, 883 F.2d 739 (9th Cir.1989) (affirming district court's award of injunctive relief); Starrett v. Wadley, 876 F.2d 808 (10th Cir.1989) ($75,000 judgment against defendant in his individual capacity not appealed). In a third case cited by Denny, the appeals court remanded to the district court for a determination of whether the plaintiff could be viewed as a prevailing party solely on the basis of an out-of-court settlement by which the defendant agreed to implement a grievance procedure. Clark v. Township of Falls, 890 F.2d 625 (3rd Cir.1989). In none of these cases was prevailing party status conferred solely on the basis of a nominal damage award.
 
 III.
 
 8
 Under Fed.R.Civ.P. 54(d), "costs shall be allowed as of course to the prevailing party unless the court otherwise directs...." Rule 68 provides that should a party reject a pre-trial offer of settlement and subsequently obtain a judgment less favorable than the offer, then all costs incurred by the offeror after the offer was made shall be payable by the offeree. See Crossman v. Marcoccio, 806 F.2d 329, 331-332 (1st Cir.1986) (Rule 68 requires the offeree to bear his own costs as well as to pay offeror's post-offer costs.) The defendants' offer of $5,000 clearly transformed Hinton into the prevailing party, for Rule 54(d) purposes, as of February 18, 1987. Under Rules 68 and 54(d), then, Denny (but not his lawyer) would be liable for all post-offer costs incurred by Hinton. Under Rule 54(d) alone, Denny was found liable for all of Woodard and Elliott's costs.
 
 
 9
 The district court decided to impose Rule 11 sanctions by realigning the various liabilities for Rule 54(d) costs. Although Lawrence was not a party, and thus may not be charged with costs under Rule 54(d) or Rule 68, Rule 11 specifically authorizes a court to impose upon a litigant or his counsel, or both, "an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the [sanctionable conduct]." The district court, as a sanction against Lawrence, made her jointly liable with Denny for costs, under Rules 54(d) and/or 68, for which only Denny would have been liable. This joint liability extended to all of Woodard and Elliott's costs, plus all of Hinton's post-offer costs. As an additional sanction, the district court ruled that Denny could not recover his pre-offer costs from Hinton and, instead, that Hinton and Denny would bear their own pre-offer costs. Attorney's fees were specifically not included in the costs awarded to any of the defendants.
 
 
 10
 On appeal, Denny and Lawrence contend that sanctions were unwarranted because the claims against Woodard and Elliott were well grounded in law and fact. However, during oral argument, counsel for Denny and Lawrence represented to this court that Lawrence did not wish to merely escape her liability for the costs, and that she wished instead to maintain joint liability for any costs that her client might ultimately be held liable. Inasmuch as Rule 54(d) clearly entitled Woodward and Elliott to their costs against Denny and, further, that Rule 68 clearly entitled Hinton to his post-offer costs against Denny, the only aspect of the sanctions order in dispute is the district court's denial of Denny's request for pre-offer costs from Hinton.[1] Thus limited, our inquiry can proceed in either of two directions: (1) whether the district court abused its discretion in awarding sanctions in the first place, or (2) apart from the question of sanctions, whether the district court erred in refusing to give prevailing party status to Denny vis-a-vis Hinton, for Rule 54(d) purposes, with respect to the pre-offer period. Choosing the latter course, the sanctions issue may be avoided altogether because we believe the lower court would have been justified under Rule 54(d) alone in refusing to make Hinton liable for Denny's pre-offer costs.[2] See Charbonnages de France v. Smith, 597 F.2d 406, 416 (4th Cir.1979) (on review, appellate court is not limited to specific grounds upon which district court based its grant of summary judgment, but may affirm if alternative grounds are perceived).
 
 
 11
 The issue of who is the prevailing party in the context of Sec. 1988 is discussed in the preceding section. We see no reason to differentiate between the Sec. 1988 and Rule 54(d) standards. The Texas State Teachers analysis is also applicable to the question of a plaintiff's presumptive entitlement to costs under Rule 54(d).[3] Without reaching the question of whether the court abused its discretion in granting sanctions,[4] we affirm the district court's denial of pre-offer costs to Denny from Hinton.
 
 IV.
 
 12
 In their cross-appeal, Woodard and Elliott contend that the district court abused its discretion in denying their motion for attorney's fees pursuant to Sec. 1988. A prevailing defendant in a civil rights action may be awarded attorney's fees, but the Supreme Court has held that such fees may be awarded only when plaintiff's claim is "frivolous, unreasonable or groundless." Hughes v. Rowe, 449 U.S. 5, 15 (1980). Moreover, a threshold finding of unreasonableness does not entitle a prevailing defendant to fees; the ultimate decision is a discretionary one. Here, the district court, by shifting Rule 54(d) liability for costs onto Lawrence's shoulders, gave Woodard and Elliott a pocket from which they could realistically recover these amounts. Implicit in the district court's opinion is the recognition that a Sec. 1988 fee award may be ordered against only a party, and not his lawyer. See Brown v. Borough of Chambersburg, 903 F.2d 274, 276-77 (3rd Cir.1990); contra, Davidson v. Allis-Chalmers Corp., 567 F.Supp. 1532, 1537-38 (D.Mo.1983) (courts have inherent power to assess attorney's fees against counsel). The district court did not abuse its discretion in refusing to add an uncollectable fee award against the plaintiff-inmate.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 In their cross-appeal, Woodard and Elliott do not contest the district court's refusal to include attorney's fees as part of the sanctions order
 
 
 [2]
 Hinton did not appeal that portion of the order denying him pre-offer costs
 
 
 [3]
 Entitlement to costs under Rule 54(d), however, is not coextensive with a prevailing defendant's entitlement to attorney's fees. See Section IV, infra
 
 
 [4]
 We emphasize that our decision to affirm the judgment below should not be read as an endorsement of the lower court's imposition of sanctions