Celindah J. **GRIER**, Plaintiff,

v.

**TITAN CORPORATION**, Defendant.

Civil Action No. 95–0900–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 12, 1998.

Elaine C. Bredehoft, Charlson and Bredehoft, PC, Reston, Virginia, for plaintiff.

K. Stewart Evans, Jr., Pepper Hamilton, LLP, Washington, DC, for defendant.

## MEMORANDUM OPINION

ELLIS, District Judge.

This Title VII matter came before the Court on (i) plaintiff's motion for attorneys' fees and costs; (ii) defendant's motion for attorneys' fees and costs; and (iii) defendant's motion for sanctions pursuant to Rule 11, Fed.R.Civ.P. The motions were referred to a Magistrate Judge for review and a recommendation pursuant to 28 U.S.C. § 636. Thereafter, the Magistrate Judge's Report and Recommendation issued on August 12, 1998. On August 31, 1998, defendant filed timely objections to the Report and Recommendation and plaintiff responded to these objections on September 14, 1998.

The Report and Recommendation is thorough and adequately disposes of the issues raised by defendant's objections. Only one of the issues presented, the intersection of Rule 68, Fed.R.Civ.P., and Title VII's provision for the award of costs, merits brief elaboration here. For this purpose, a brief recitation of the procedural facts is necessary.

## I.

As originally filed, this action included various claims of sex discrimination under Title VII as well as several state law claims. Prior to trial, some claims were disposed of by way of voluntary dismissals and partial summary judgment. Thereafter, barely more than a month before trial of plaintiff's surviving claims, defendant filed a somewhat ambiguously worded Rule 68, Fed.R.Civ.P. offer of settlement. In part to remedy the ambiguity, Defendant made a second, clearer settlement offer two weeks later. Plaintiff did not accept either offer. The case proceeded to trial and the jury awarded plaintiff both compensatory and punitive damages in the amount of $635,000.[1] Defendant's post-trial motions for judgment as a matter of law or alternatively for a new trial were successful. A second trial ensued, resulting in a verdict in favor of plaintiff on retaliation and constructive discharge and a jury award of $829,500 in compensatory and punitive damages to Plaintiff. Once again, defendant sought judgment as a matter of law or alternatively a new trial. In the second trial, only the motion for judgment as a matter of law on the issues of constructive discharge and punitive damages succeeded; the jury award was reduced to $27,000 for the retaliation claim. Both parties appealed; the Fourth Circuit affirmed the judgment, and the Supreme Court denied certiorari. *See Grier v. Titan,* 121 F.3d 698, 1997 WL 467510 (4th Cir.1997) (unpublished opinion), *cert. denied,* —— U.S. ——, 118 S.Ct. 1042, 140 L.Ed.2d 107 (1998).

## II.

By any calculation, the judgment plaintiff finally obtained, plus costs accrued as of the appropriate date, *i.e.,* the date of the initial offer, was less than either of Defendant's offers. A party who rejects a settlement offer made pursuant to Rule 68, Fed. R.Civ.P., bears the risk that, in the event that the judgment it "finally obtain[s]" is less than the offer rejected, it will be responsible for the offering party's costs after the making of the offer. Rule 68, Fed.R.Civ.P. The

question warranting further elaboration is whether a prevailing defendant's attorneys' fees are properly considered costs under Rule 68 and Title VII.

The Supreme Court has held that "the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *See Marek v. Chesny,* 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). Title VII, the relevant substantive statute in this case, provides for the award of "a reasonable attorney's fee (including expert fees) as part of the costs" to the prevailing party. *See* 42 U.S.C.2000e–5(k). Although the statute's language appears to apply equally to prevailing plaintiffs and prevailing defendants, "other authority," specifically, unambiguous Supreme Court interpretations of Title VII, make clear that Title VII's award of costs does not apply equally to prevailing plaintiffs and prevailing defendants. *See, e.g., Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). While a prevailing plaintiff "ordinarily is to be awarded attorney's fees in all but special circumstances," a district court may only properly award a prevailing defendant such fees in a Title VII case "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *See id.* at 417, 421, 98 S.Ct. 694. Thus, attorney's fees are costs "properly awardable" under Title VII to a prevailing defendant only when the plaintiff's action was frivolous, unreasonable, or without foundation. Accordingly, in Title VII cases, a prevailing defendant's attorney's fees will shift to plaintiff under Rule 68, Fed.R.Civ.P., only when the plaintiff's action was frivolous, unreasonable, or without foundation. *See Lawrence v. Hinton,* 937 F.2d 603, 1991 WL 125471, *4 (4th Cir.1991) (affirming *Denny v. Hinton,* 131 F.R.D. 659, 665 (M.D.N.C.1990)); *Crossman v. Marcoccio,* 806 F.2d 329, 333–34 (1st Cir.1986); *see also Said v. Virginia Commonwealth University/Medical College of Virginia,* 130 F.R.D. 60, 63 (E.D.Va.1990). Because it cannot reasonably be said that plaintiff's suit was either frivolous or unreasonable, post-offer attorneys' fees are not properly includa-

---

1. Defendant prevailed on Count IV, the Equal Pay Act claim; plaintiff prevailed on Counts II and V, the retaliation and wrongful termination claims.

ble as costs to be shifted to an offeree under Rule 68.

Defendant argues that this conclusion eviscerates Rule 68's purpose of encouraging settlement because unless the attorneys' fees are shifted to plaintiff, defendant would receive nothing that it would not already receive without the operation of Rule 68. The argument fails factually and legally. It is factually inaccurate because defendant here, by virtue of Rule 68, receives over $50,000 in costs to which it would not otherwise have been entitled. The argument fails legally because the Supreme Court has made clear that in applying Rule 68, the policies underlying the Rule, as it is a rule of general application, must yield to the definition of costs in specific statutory schemes. Thus where, as here, plaintiff's recovery was less than the Rule 68 offer, attorneys' fees are not shifted because the specific provisions of Title VII trump the general policies of Rule 68.

### III.

Accordingly, upon an independent review of the record as whole and upon consideration of the thorough August 12, 1998 Report and Recommendation of the United States Magistrate judge, the Court hereby adopts as its own the findings, conclusions, and recommendation of the United States Magistrate Judge as set forth in the August 12, 1998 Report and Recommendation.