Abraham L. **LEWIS**,

v.

**SAFEWAY STORES, INC.**

Civ. Nos. K–84–3016, K–86–2984.

United States District Court, D. Maryland.

June 2, 1987.

Gary T. Brown, and J. Lincoln Woodard, Washington, D.C., for plaintiff.

Richard C. Hotvedt, Stanley F. Lechner, and Morgan, Lewis & Bockius, Washington, D.C., Robert B. Barnhouse, Vincent Candiello, and Piper & Marbury, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, Senior District Judge.

In this case plaintiff has unsuccessfully sought relief for alleged discrimination in his employment by defendant under 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e *et seq.* After a jury verdict for defendant in the § 1981 case and this Court's verdict for defendant in the nonjury Title VII case, judgment was entered for defendant. Thereafter defendant timely filed motions for reimbursement of costs in the amount of $7,614.07 and a motion for attorney's fees, pursuant to one or more or all of (a) 42 U.S.C. § 2000e–5(k) (Title VII), (b) 42 U.S.C. § 1988, (c) 28 U.S.C. § 1927, (d) Federal Rule of Civil Procedure 11, and (e) Federal Rule of Civil Procedure 68.

I

A prevailing defendant may, in the trial court's discretion, be awarded attorney's fees pursuant to Title VII, 42 U.S.C. § 2000e–5(k), or the Civil Rights Attorney's Fees Act, 42 U.S.C. § 1988,[1] "only

---

**1.** 42 U.S.C. § 2000e–5(k) provides:

In any action or proceeding under this sub-

if the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though it was not brought in subjective bad faith.' ... The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980), *quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). In this case, plaintiff's action was not frivolous or unreasonable. Plaintiff presented evidence prior to and during trial which was not necessarily strong or compelling, but was deemed sufficient by this Court to persuade this Court to deny defendant's motions for summary judgment and defendant's motion for an involuntary dismissal and a directed verdict. In that context, a defendant is not entitled to an award of attorney's fees pursuant to either 42 U.S.C. § 2000e–5(k) or 42 U.S.C. § 1988. *See Glymph v. Spartanburg General Hospital*, 783 F.2d 476, 479–80 (4th Cir.1986).

## II

■■■ Plaintiff declined to accept an offer of settlement, made prior to trial, in the amount of $60,000 made by defendant pursuant to Federal Rule of Civil Procedure 68. Rule 68 provides in relevant part: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." The term "costs" as used in Rule 68 may, *in some circumstances*, encompass attorney's fees as well as litigation expenses. *See Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); *Crossman v. Marcoccio*, 806 F.2d 329 (1st Cir.1986). Rule 68, however, does not shift costs to a plaintiff

against whom judgment has been entered. Rule 68 only shifts costs when judgment has been entered in favor of plaintiff but the amount of judgment is less than the offer. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). In this case, judgment was entered against plaintiff. Accordingly, Rule 68 is of no aid to defendant in this case.

## III

■■■ Rule 11 provides that the court may award sanctions against an attorney or his client who has filed a paper with the court which "to the best of his knowledge, information, and belief formed after reasonable inquiry ..." is not supported by the facts or existing law. 28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."

Defendant asserts that it was thrice required to file motions to protect itself against plaintiff's efforts to transform this case into an attack, nationwide in scope, on Safeway's employment practices. However, plaintiff's efforts to obtain information with respect to employment practices in defendant's divisions aside from the Washington, D.C. division were not completely without merit. Indeed, this Court ultimately permitted plaintiff to call as a trial witness a supervisory employee in the Richmond, Virginia division of Safeway. Although plaintiff's counsel, at various times throughout this litigation, broadly overreached in his attempts to pursue plaintiff's claims, defendant's counsel in some instances responded to such attempts

---

chapter the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 1988 states, in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

364

by overreacting and filing a number of motions and objections which were without merit.

Defendant's contention that the amount offered to plaintiff by defendant was greater than the amount of damages which plaintiff could have recovered is questionable. Indeed, during several on-the-record pretrial proceedings, this Court noted the possibility that plaintiff might be entitled to recover substantial damages and also that plaintiff might be able to obtain equitable relief concerning plaintiff's future employment by defendant. Under the circumstances, plaintiff's rejection of defendant's Rule 68 offer provides no basis herein for an award to defendant of attorney's fees or costs.

### IV

Defendant's motion for attorney's fees pursuant to 42 U.S.C. § 2000e–5(k), 42 U.S.C. § 1988, 28 U.S.C. § 1927, Federal Rules of Civil Procedure 11 and 68 or any combination thereof will therefore be denied. Although plaintiff's conduct during this litigation may have served to lengthen the proceedings, defendant's overreactions hardly served to shorten this litigation. Accordingly, it is not unfair for each party to bear its own costs and attorney's fees. An Order denying to defendant the relief discussed in this opinion is today being entered.