United States Court of Appeals,

Fifth Circuit.

No. 93-2436.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant, Cross-Appellee,

v.

BAILEY FORD, INC., Defendant-Appellee, Cross-Appellant.

July 21, 1994.

Appeals from the United States District Court for the Southern District of Texas.

Before REAVLEY and JONES, Circuit Judges, and JUSTICE[*], District Judge.

PER CURIAM:

There was evidence in the record to support the district court's finding that Bailey Ford did not discriminate against Ms. Qualls on the basis of her sex in refusing to hire her as a truck salesperson. EEOC has not persuaded us that the court's assessment of the evidence and credibility of the witnesses was clearly erroneous. Consequently, we cannot reverse his findings.

Further, Fed.R.Civ.P. 68 was not properly invoked by Bailey Ford as a device to charge costs against EEOC in this case. *See Delta Airlines, Inc. v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1991). EEOC did not "obtain" a judgment in the sense used by the Supreme Court in *August.* Moreover, even if appellee were entitled to recover "costs" under Rule 68, its attorneys' fees are not among the properly recoverable costs without a

[*]District Judge of the Eastern District of Texas, sitting by designation.

1

determination that the action was frivolous, unreasonable, or without foundation. *See O'Brien v. City of Greers Ferry,* 873 F.2d 1115, 1120 (8th Cir.1989); *Crossman v. Marcoccio,* 806 F.2d 329 (1st Cir.1986), *cert. denied,* 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987).[1]

The judgment of the district court is *AFFIRMED.*

JUSTICE, District Judge, concurring in part and dissenting in part:

I concur in that part of the majority's opinion which holds Rule 68 unavailable to Bailey Ford, but I dissent from the majority's affirmance of the district court judgment denying relief to EEOC and Ms. Qualls.

Plaintiff-appellant, Equal Opportunity Employment Commission (EEOC), filed this civil action on behalf of Frances Qualls, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, alleging that Bailey Ford, defendant-appellee, failed to hire her as a sales person because of her sex. After a two day bench trial, the court found that Bailey Ford's failure to hire Qualls was not based on sex. The trial court entered judgment for the defendant, and ordered each party to bear its own costs. The trial court later denied Bailey Ford's request for attorney's fees.

In order to prevail in a Title VII suit, a plaintiff must first make out a *prima facie* case of discrimination. If the plaintiff presents a *prima facie* case of discrimination, the burden

---

[1]Because Bailey Ford did not raise the issue, we do not here decide whether EEOC had the authority to continue pursuing the discrimination case after the death of the charging party.

shifts to the defendant to articulate a legitimate, non-discriminatory reason for its decision. If the defendant articulates such a reason, the burden shifts back to the plaintiff to show that he articulated reason is a mere pretext. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Recently, the Supreme Court held that the plaintiff must also prove that the defendant intended to discriminate, even after proving that the articulated reason is pretextual. *St. Mary's Honor Center v. Hicks,* --- U.S. ----, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

The trial court found that the defendant did not intend to discriminate against Ms. Qualls, and entered a judgment for the defendant based on its findings of fact and conclusions of law. The question of whether discriminatory intent exists is one of fact that is reviewed by an appellate court under the clearly erroneous standard. *Anderson v. City of Bessemer City,* 470 U.S. 564, 572-75, 105 S.Ct. 1504, 1510-12, 84 L.Ed.2d 518 (1985). Without sufficient findings of fact, an appellate court cannot engage in meaningful review.

Rule 52(a) of the Federal Rules of Civil Procedure provides that the trial court "shall find the facts specially." The purpose of the rule is to (1) engender care on the part of the trial judge in making factual determinations, (2) make clear what was decided for purposes of *res judicata* and collateral estoppel, and (3) make possible appellate review. *Ratliff v. Governor's Highway Safety Program,* 791 F.2d 394, 400 (5th Cir.1986).

In the present appeal, the trial court's findings of fact are conclusory, mostly relating to undisputed facts and jurisdictional matters. The following findings were made as to the question of intentional discrimination on the basis of gender:

16. Bailey Ford's decision not to hire Ms. Qualls was not because of her sex.

18. Plaintiff has failed to prove by a preponderance of the evidence that Ms. Qualls' sex played any part in Bailey Ford's decision to pass her over as a sales trainee.

20. Bailey Ford would not have employed Ms. Qualls as an automobile and truck sales person even absent any discriminatory motive.

The trial court also came to two legal conclusions:

19. Frances Qualls is not entitled to an award of back pay, the Commission is not entitled to any relief in this cause.

22. Neither the EEOC nor Frances Qualls are entitled to any relief in this cause.

While it is true that the trial court made a finding on the ultimate issue in an employment discrimination case—whether the defendant acted with discriminatory intent, *St. Mary's,* --- U.S. ----, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)—a trial court normally examines the defendant's assertedly legitimate non-discriminatory reason, and then determines whether plaintiff has proved that such reason is not worthy of credence. When a court reaches the ultimate issue in a discrimination case without explaining how or why it reached its conclusions, such findings cannot be reviewed. *See Lopez v. Current Director of Texas Economic Development Commission,* 807 F.2d 430, 434 (5th Cir.1987) ("This lack of explanation is fatal under Fed.R.Civ.P. 52(a)."). The Fifth Circuit has repeatedly refused to review findings of fact such as

4

those in the court below, explaining that:

> In an employment discrimination case, a plaintiff may prevail either by persuading the court that a discriminatory reason more likely motivated the employer or by showing that the employer's proffered explanation is not worthy of credence. The ultimate issue, however, and the one to be decided by the court, is whether the employer intentionally discriminated against the plaintiff. If the trial court believes the employer's explanation of its motivation, the court may not merely state, in conclusory terms, that the plaintiff has failed to prove the employer's suggested reason to be a pretext for invidious discrimination or that there is not evidence of discriminatory treatment. It must at least infer to the evidence tending to prove and disprove the merits of the proffered explanation and state why the court reached the conclusion that the explanation has not been credited.

*Ratliff,* 791 F.2d at 400-01 (5th Cir.1986). The court has also stated:

> In reviewing the district court's finding of no discrimination under the clearly erroneous standard, this Court cannot be left to second guess the factual basis for the district court's conclusion. This Court cannot determine whether the district court's finding that plaintiff failed to demonstrate pretext was clearly erroneous when the district court's finding is not expressed with sufficient particularity. It is not the function of this Court to make credibility choices and findings of fact.

*Redditt v. Mississippi Extended Care Centers,* 718 F.2d 1381, 1386 (5th Cir.1983); *see also, Wilson v. Zapata Off-Shore Company,* 939 F.2d 260 (5th Cir.1991); *Smith v. Texas Department of Water Resources,* 799 F.2d 1026 (5th Cir.1986); *Chaiffetz v. Robertson Research Holding, Ltd.,* 798 F.2d 731 (5th Cir.1986).

The court below found Bailey Ford's decision not to hire Ms. Qualls was not because of her sex, and that plaintiff had failed to prove by a preponderance of the evidence that her sex played any part in Bailey Ford's decision to pass her over as a sales trainee. However, the bases for the trial court's decision are unclear,

5

because its factual and legal findings are too vague to be reviewed. I would, therefore, remand the case to the trial court, for more complete and particular findings of fact and conclusions of law.

On remand, the trial court should be directed to make clear the evidentiary bases for its factual findings, pointing out which evidence it adopted and which evidence it rejected in making such findings. Specifically, it should be plain whether the trial court accepted defendant's asserted non-discriminatory reason, and, if so, which one. Further, the trial court should be required to explain whether plaintiff failed to prove discriminatory intent. Rule 52(a) "exacts neither punctilious detail nor slavish tracing of the claims issue by issue and witness by witness," but it does require findings detailed enough to allow the appellate court to engage in meaningful review. *Lopez,* 807 F.2d at 434 (citing *Ratliff,* 791 F.2d at 400).

On this aspect of the case, I dissent.