### Barbara A. BILLINGS

v.

### CAPE COD CHILD DEVELOPMENT PROGRAM. INC. Barbara Prindle–Eaton, Sonja Brewer and Mary Pat Messmer

### No. CIV.A. 01–11141–RGS.

United States District Court,
D. Massachusetts.

July 15, 2003.

Donald J. Fleming, Fleming & Ishihara, Mattapoisett, for Barbara A. Billings, Plaintiff.

Paul J. Kingston, Rubin & Rudman, Boston, for Cape Cod Child Development, Defendant.

Thomas J. Mango, Rubin & Rudman, LLP, Boston, for Cape Cod Child Development, Defendant.

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR COSTS AND ATTORNEYS' FEES

STEARNS, District Judge.

As the prevailing parties in this Family Medical Leave Act (FMLA) case, defendants move for an award of $11,073.14 in costs and $100,908.75 in attorneys' fees. Recognizing that the FMLA does not authorize an award of attorneys' fees to a prevailing defendant, but only to a successful plaintiff, *see* 29 U.S.C. § 2617(a)(3), defendants maintain that an award should nonetheless be made pursuant to 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

I decline to do so. There was nothing vexatious about this litigation. Indeed, I thought it a reasonably close case, as apparently did the jury, or so they indicated

in a post-verdict discussion.[1] Nor do I find that defendants have offered any supportable evidence that the plaintiff or her attorney "manufactured" or withheld medical documents as the defendants suggest.

■ Federal Rule of Civil Procedure 54(d)(1) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The FMLA, it is true, provides for the award of costs to a prevailing plaintiff, but not a prevailing defendant. Plaintiff, drawing on the rule governing attorneys' fees, argues that this means that costs may not be awarded to a successful defendant in an FMLA action. Under the American rule, however, costs and attorneys' fees are distinct. From early on, American courts adopted the English practice of awarding costs to the prevailing party, whether plaintiff or defendant. With respect to attorneys' fees the contrary practice prevailed, courts requiring each party (with rare exception) to bear the expenses of its own legal services. The then rare exception (less rare today) was in those cases where a rule or statute explicitly provided for fee-shifting. *See generally Wright, Miller & Kane Federal Practice and Procedure: Civil 3d* §§ 2666, 2675. *See also Alyeska Pipeline Service Company v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

While a court is not without discretion to deny the taxation of costs where there is a valid reason to do so, this grant of negative discretion -

the power to deny recovery of costs that are categorically eligible for taxation under Rule 54(d)—operates in the long shadow of a background presumption favoring cost recovery for prevailing parties. This presumption emanates from the rule's language: "costs shall be allowed as of course." Notwithstanding that the rule permits a *nisi prius* court to deviate from this baseline, *see, e.g., Phetosomphone v. Allison Reed Group, Inc.,* 984 F.2d 4, 9 (1st Cir.1993); *Heddinger v. Ashford Memorial Community Hosp.,* 734 F.2d 81, 86 (1st Cir.1984); *Emerson v. National Cylinder Gas Co.,* 251 F.2d 152, 158 (1st Cir.1958), awarding costs to a prevailing party is the norm. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981) (stating that "prevailing plaintiffs presumptively will obtain costs under Rule 54(d)"); *Crossman v. Marcoccio,* 806 F.2d 329, 331 (1st Cir.1986) (observing that Rule 54(d) "generally permits prevailing parties to recover their costs"), *cert. denied,* 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987); *Castro v. United States,* 775 F.2d 399, 410 (1st Cir.1985) (noting that a prevailing party "ordinarily is entitled" to recoup the costs enumerated in section 1920).

*In re Two Appeals (San Juan Dupont Plaza Hotel Fire Litigation),* 994 F.2d 956, 962–63 (1st Cir.1993).

---

1. It is true that the court dismissed the FMLA claims against the individual defendants, but it did so in accordance with its view that the FMLA permits suit against the employer only, and not against supervisory-level employees, a view which might be open to debate. *Cf. Serapion v. Martinez,* 119 F.3d 982, 987–989 (1st Cir.1997). The intentional infliction of emotional distress claims were dismissed in part because of the court's ruling that emo-

tional distress damages are recoverable in FMLA termination cases and in part because the evidence against the individual defendants did not meet the high Massachusetts standard for proof of the tort. *See, e.g., Ratner v. Noble,* 35 Mass.App.Ct. 137, 139–140, 617 N.E.2d 649 (1993). That is not to say that there were no aspects of the defendants' conduct that were less than desirable.

While the overwhelming majority of cases discuss the award of costs to prevailing plaintiffs under the FMLA, no case that I can find questions the authority of a court to award costs to a prevailing defendant, and FMLA cases can be found in which such an award was made. *See, e.g., Ogborn v. United Food and Commercial Workers Union, Local No. 881,* 305 F.3d 763, 769–70 (7th Cir.2002).[2]

Here there is no compelling reason for the court to refuse an award of costs. The plaintiff makes no claim of indigency, nor is there any evidence of " 'fault, misconduct, default, or other action worthy of penalty,' on the winner's side." *In re Two Appeals,* 994 F.2d at 963, quoting *Burroughs v. Hills,* 741 F.2d 1525, 1542 (7th Cir.1984). Defendants, a non-profit social services agency and three social worker supervisors, and are in no better position to bear their own costs than the plaintiff (to the extent that a party's ability to pay is a relevant consideration). *See In re Two Appeals,* 994 F.2d at 963 n. 9, citing *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 728, 730 (6th Cir. 1986).

■ In awarding costs, it is the practice of the court to confine itself to those costs specified by 28 U.S.C. § 1920. Consistent with this practice, the court finds appropriate the costs billed for the service of subpoenas, the production of the two listed deposition transcripts, and the expert witness fee. The court will not award costs for telecopying, telephone bills, postage and overnight mail, computer research, travel, parking, meals and secretarial services, all of which are more properly borne as attorney overhead expenses and are, in any event, not recoverable under section 1920.[3]

### ORDER

For the foregoing reasons, the defendants' motion for costs is *ALLOWED* in the amount of $7,149.05.

SO ORDERED.

---

2. While the FMLA does not specifically authorize the award of costs to a prevailing defendant, Congress evidenced no intent in enacting the FMLA to override the presumption of Rule 54(d). *Compare* 28 U.S.C. § 2465 (wrongful seizure of property under forfeiture statute), *and* 30 U.S.C. § 32 (mineral lands claim), *and* 28 U.S.C. § 1928 (patent infringement), all statutes in which Congress specifically prohibited the award of costs.

3. While section 1920 authorizes fees for photocopying, the expense is limited to such copying as is reasonably necessary for use in the case, but not copies of documents made for the convenience of the attorneys. *See Rice v. Sunrise Express, Inc.,* 237 F.Supp.2d 962, 980 (N.D.Ind.2002). Because the court finds it difficult to believe that a trial of but slightly more than three half-days duration required $1,759.65 of photocopying and because defendants have failed to in any way itemize their copying costs, I have disallowed this item. Nor do I understand Attorney Kingston's claim for $300 in filing fees, unless the reference is to the state Department of Employment and Training proceeding, which if it is, is beyond the authority of the court to reimburse.