Donna **CROSSMAN**, Et Al.,
Plaintiffs, Appellants,

v.

Michael **MARCOCCIO**, Et Al.,
Defendants, Appellees.

No. 86–1058.

United States Court of Appeals,
First Circuit.

Heard Oct. 8, 1986.

Decided Dec. 9, 1986.

**330**

Roy D. Simon, Jr., Washington University, St. Louis, Mo., with whom Milton Stanzler, Jonathan L. Stanzler and Abedon, Michaelson, Stanzler & Biener, Providence, R.I., were on brief for plaintiffs, appellants.

Lynette Labinger, Roney & Labinger, Providence, R.I., E. Richard Larson and Burt Neuborne, American Civil Liberties Union Foundation, New York City, on brief for American Civil Liberties Union and The Rhode Island Affiliate of the ACLU, amici curiae.

Joseph F. Penza, Jr. with whom Olenn & Penza and Martin W. Aisenberg, Asst. City Sol., Providence, R.I., were on brief for defendants, appellees.

David Crump, Legal Foundation of America, Houston, Tex., Daniel B. Hales, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., William C. Summers, International Ass'n of Chiefs of Police, Inc., Gaithersburg, Md., Jack E. Yelverton, National Dist. Attys. Ass'n, Inc., Fred E. Inbau, Northwestern University School of Law, Wayne W. Schmidt, Americans for Effective Law Enforcement, Inc., and James P. Manak, General Counsel, Americans for Effective Law Enforcement, Inc. and Executive Editor, National Dist. Attys. Ass'n, Inc., Chicago, Ill., on brief for Americans for Effective Law Enforcement, Inc., The International Ass'n of Chiefs of Police, Inc., The Legal Foundation of America and The National Dist. Attys. Ass'n, Inc., amici curiae.

Before COFFIN, BREYER and TORRUELLA, Circuit Judges.

COFFIN, Circuit Judge.

In this case we confront the novel question of whether prevailing civil rights plaintiffs must pay their opponents' costs and attorney's fees after refusing to accept a pretrial offer of judgment that exceeds the amount they ultimately recover at trial. The court below, relying upon Fed.R.Civ.P. 68 and *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), awarded defendants their taxable costs plus almost $11,000 in post-offer attorney's fees because plaintiffs ultimately recovered an amount less than defendants' offer of judgment. *Crossman v. Marcoccio*, 108 F.R.D. 433 (D.R.I.1985). We affirm the district court's award of taxable costs, but reverse that portion of its order pertaining to post-offer attorney's fees.

### I. Factual Setting.

The facts of this case are not in dispute. On August 7, 1984, appellants Donna and Daryl Crossman initiated a civil rights action pursuant to 42 U.S.C. § 1983 on behalf of themselves and their two minor children against five Providence police officers, the chief of police, and the Providence Police Department.[1] On August 29, 1984, the named defendants answered the complaint and, in accordance with Fed.R.Civ.P. 68, simultaneously filed with the court an offer of judgment in the amount of $26,000, inclusive of all costs, interest, and attorney's fees accrued to that date. The Crossmans opted to refuse the settlement offer and proceed to trial.

Although the Crossmans later entered a stipulation dismissing the claims against the department and the chief of police, the case against the five individual officers, appellees here, was tried before a jury in district court. Following the trial, the court entered judgment in favor of the Crossmans and against all five officers in the total amount of $5,010, nearly $21,000

---

1. The complaint essentially alleged three categories of violations: false arrest, false imprisonment, and malicious prosecution.

less than defendants' offer of judgment. Before judgment was entered, therefore, the officers filed a bill of costs pursuant to 28 U.S.C. § 1920 and Rule 68. This bill included a request for $880.50 of post-offer taxable costs and $10,902.50 of post-offer attorney's fees. The district court, reasoning that defendants' post-offer attorney's fees should be characterized as "costs" under Rule 68, awarded defendants the full amounts set forth in their bill of costs. *Crossman*, 108 F.R.D. at 437.

The decision below raises two distinct issues on appeal. First, does Rule 68 compel appellants to pay appellees' post-offer costs? Second, if the first question is answered affirmatively, are appellees' post-offer attorney's fees part of the Rule 68 "costs" that become appellants' responsibility? We address each issue in turn.

## II. Cost Shifting.

Rule 68, entitled "Offer of Judgment," provides in relevant part:

> At any time more than 10 days before the trial begins, a party defending a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay *the costs incurred* after the making of the offer....

Fed.R.Civ.P. 68 (emphasis supplied). This rule, designed to encourage the settlement of private disputes, has long been among the most enigmatic of the Federal Rules of Civil Procedure because it offers imprecise guidance regarding which post-offer costs become the responsibility of the plaintiff. Opinions differ sharply on the issue of whether Rule 68 compels plaintiffs to pay defendant's post-offer costs or simply operates to deny prevailing plaintiffs recovery of their own post-offer costs. Because Fed.R.Civ.P. 54(d) generally permits prevailing parties to recover their costs,[2] the

question becomes whether Rule 68 *reverses* the operation of Rule 54(d), or merely *cancels* it. *See* Simon, *The Riddle of Rule 68*, 54 Geo.Wash.L.Rev. 1, 6 n. 18 (1985). This is an issue of first impression in this circuit. *See Garrity v. Sununu*, 752 F.2d 727, 731 (1st Cir.1984).

Appellants, relying solely on a footnote in Justice Stevens' opinion for the Court in *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 359 n. 24, 101 S.Ct. 1146, 1153 n. 24, 67 L.Ed.2d 287 (1981), contend that Rule 68 cancels the operation of Rule 54(d) and relieves the defendant from paying plaintiff's post-offer costs. To support this position, however, Justice Stevens offers only the ambiguous commentary contained in the treatise by Professors Wright and Miller, Moore's Federal Practice, and a 1939 Virginia Law Review article. *See Delta Air Lines*, 450 U.S. at 359, 101 S.Ct. at 1153 n. 24. Even a cursory glance at these sources demonstrates that they are not dispositive of the issue. Indeed, others have interpreted these sources in an entirely different manner. *See, e.g., Marek*, 105 S.Ct. at 3023 & n. 14 (Brennan, J., dissenting); *Delta Air Lines*, 450 U.S. at 374 & n. 3, 101 S.Ct. at 1161 n. 3 (Rehnquist, J., dissenting).

Our own analysis of the language and purpose of Rule 68, which parallels the analysis performed by most courts and commentators, persuades us that appellants' position lacks merit. First, the language of Rule 68 provides that "the offeree *must pay the costs incurred* after the making of an offer." Fed.R.Civ.P. 68 (emphasis supplied). There is no language in the Rule limiting the scope of the term "costs" to "the offeree's own costs." Furthermore, the Rule stresses that the offeree must *pay* the costs incurred, thus suggesting an affirmative action. The drafters, had they meant to adopt the position urged by appellants, could easily have employed more passive language providing that the offeree "shall bear its own costs"

---

2. Rule 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; ...."

or "shall not be entitled to recover costs under Rule 54(d)," but apparently they chose otherwise. As Justice Brennan has explained, appellants' interpretation of Rule 68 is not supported by the *"plain* language" of the Rule. *Marek,* 105 S.Ct. at 3023 (Brennan, J., dissenting) (emphasis in original).

The historical roots of Rule 68 also buttress our conclusion that appellants' interpretation of Rule 68 is incorrect. The original language of Rule 68 provided that a plaintiff who failed to obtain a judgment more favorable than the offer "shall not recover costs in the district court from the time of the offer *but shall pay costs from that time."* *See* Fed.R.Civ.P. 68, *reprinted in* 1 F.R.D. LXIII, CXXXIV (1941) (emphasis supplied). When the rule took its present form in 1946, the drafters did not indicate an intent to change the cost-shifting mechanism of the original rule. Instead, as one commentator has perceptively noted, "the change was made for other reasons." Simon, *The Riddle of Rule 68,* 54 Geo.Wash.L.Rev. 1, 6 n. 18 (1985) (citing advisory committee note accompanying the 1946 amendments to Rule 68). There is nothing in the genesis of Rule 68, therefore, to indicate that the language of the current rule should be interpreted in the limited fashion favored by appellants.

Furthermore, the purpose animating Rule 68 also counsels in favor of adopting the broader interpretation of the rule urged by appellees. It is undisputed that the underlying purpose of Rule 68 is to encourage settlement of disputes and avoid protracted litigation. *Marek,* 105 S.Ct. at 3015; *Delta Air Lines,* 450 U.S. at 352, 101 S.Ct. at 1150. As the Supreme Court recognized in *Marek,* moreover, the rule is intended to prompt both parties "to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek,* 105 S.Ct. at 3015. If we were to interpret Rule 68 merely to deny plaintiffs their own post-offer costs, then there would be significantly less incentive for both sides to undertake a prudent assessment of the "risks and costs" of litigation. Reading Rule 68 to require the payment of defendants' post-offer costs by miscalculating plaintiffs enhances both defendants' incentive to extend Rule 68 offers of judgment and plaintiffs' incentive to accept such offers. As explained by the court in *Staffend v. Lake Central Airlines, Inc.,* 47 F.R.D. 218 (N.D. Ohio 1969), "[t]he provision in the rule which imposes costs upon a party who refuses an Offer of Judgment and who later recovers no more than the offer ... puts teeth in the rule and makes it effective by encouraging acceptance." *Id.* at 219–20.

Finally, we note that, aside from Justice Stevens' footnote in *Delta Air Lines* and the district court opinion in *Marek,* 547 F.Supp. 542, 547–48 (N.D.Ill.1982), every court addressing the issue thus far has held that Rule 68 obligates plaintiffs to pay defendants' post-offer costs after rejecting an offer more favorable than the judgment eventually obtained. In *Gay v. Waiters' and Dairy Lunchmen's Union, Local 30,* 86 F.R.D. 500 (N.D.Cal.1980), for instance, the court held that a plaintiff who rejects an offer of judgment "assum[es] the risk that the outcome of the case will be less favorable than the offer, on pain of having to pay the costs subsequently incurred by the offeror." *Id.* at 502. Likewise in *Dual v. Cleland,* 79 F.R.D. 696 (D.D.C.1978), the court proclaimed that, if the offer exceeds the judgment eventually obtained, "the defendant is entitled to charge the plaintiff with costs incurred after the offer of judgment." *Id.* at 697. In addition to the substantial list of court decisions adopting this view,[3] several commentators have also expressed their belief that Rule 68 shifts post-offer costs to plaintiffs. *See, e.g.,* Branham, *Offers of Judgment and Rule 68: A Response to the Chief Justice,* 18 J. Marshall L.Rev. 341, 343, 357 (1985); Mil-

---

**3.** *Liberty Mutual Insurance Co. v. EEOC,* 691 F.2d 438, 442 (9th Cir.1977); *Quintel Corp., N.V. v. Citibank, N.A.,* 606 F.Supp. 898, 915 (S.D.N.Y. 1985); *Waters v. Heublein, Inc.,* 485 F.Supp. 110, 113 (N.D.Cal.1979); *Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc.,* 63 F.R.D. 607, 611 (E.D.N. Y.1974).

ler, *An Economic Analysis of Rule 68*, 15 J. Legal Stud. 93, 93 (1986); Simon, *The Riddle of Rule 68*, 54 Geo.Wash.L.Rev. 1, 6 n. 18 (1985); Note, *The Impact of Proposed Rule 68 on Civil Rights Litigation*, 84 Colum.L.Rev. 719, 719–20 (1984); Note, *The Conflict Between Rule 68 and the Civil Rights Attorney's Fees Statute: Reinterpreting the Rules Enabling Act*, 98 Harv.L.Rev. 828, 828 (1985).

■ Accordingly, in light of the language, purpose, and authoritative interpretations of Rule 68, we hold that a plaintiff who refuses an offer of judgment, and later fails to obtain a more favorable judgment, must pay the defendant's post-offer costs. The district court, therefore, correctly ruled that the Crossmans are responsible for all costs incurred by appellees after August 29, 1984. We now turn to the important question of whether appellees' post-offer attorney's fees are properly categorized as "costs" under Rule 68.

### III. Attorney's Fees.

In *Marek v. Chesny* 105 S.Ct. at 3012, the Supreme Court held that a prevailing civil rights plaintiff, who recovers an amount less than the defendant's Rule 68 offer of judgment, cannot recover his post-offer attorney's fees pursuant to 42 U.S.C. § 1988. Essential to the Court's holding was its determination that the term "costs" in Rule 68 encompasses "all costs properly awardable under the relevant substantive statute or other authority." *Marek*, 105 S.Ct. at 3017. The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, permits a prevailing plaintiff to recover "a reasonable attorney's fee *as part of the costs*," so the Court ruled that "such fees are subject to the cost-shifting provision of Rule 68." *Marek*, 105 S.Ct. at 3017. The *Marek* Court, however, did not reach the precise issue before us today because the defendants in that case failed to appeal the portion of the district court's order denying

their request for post-offer attorney's fees. *Id.* at 3014 n. 1.

Asserting that the instant case is no different from *Marek*, appellees have constructed their principal argument on appeal in the form of a deceptively simple syllogism:

(1) Rule 68 requires appellants to pay appellees' post-offer costs;

(2) Rule 68 costs, according to *Marek*, are determined by looking to section 1988, the underlying substantive statute governing costs;

(3) Section 1988 permits the recovery of attorney's fees as part of costs;

(4) Rule 68, therefore, requires appellants to pay appellees' post-offer attorney's fees.

Although the logic of this syllogism is appealing,[4] the second and third steps of appellees' argument distort the law governing the relationship between Rule 68 and section 1988 by ignoring the two crucial words that serve to qualify the holding of the *Marek* case. *Marek* states that "the term 'costs' in Rule 68 was intended to refer to all costs *properly awardable* under the relevant substantive statute or other authority." *Marek*, 105 S.Ct. at 3017 (emphasis supplied). The Court stresses the importance of the two emphasized words by repeating them in the next sentence of the opinion: "In other words, all costs *properly awardable* in an action are to be considered within the scope of Rule 68 'costs.'" *Id.* (emphasis supplied). These two words—"properly awardable"— are so essential to the holding of *Marek* that, even if the Supreme Court had not expressly included them, we would have implied their existence to prevent *Marek's* chilling effect on the initiation of civil rights actions from attaining glacial magnitude. The pertinent inquiry, therefore, is whether appellees' attorney's fees are "properly awardable" under section 1988.

In *Marek*, plaintiff's attorney's fees were "properly awardable" as costs under sec-

---

**4.** Indeed, Justice Brennan adopts such reasoning in an attempt to identify one of the many undesirable consequences flowing from the ma-

jority's "plain meaning" interpretation of Rule 68 and section 1988. *See Marek*, 105 S.Ct. at 3023–24 (Brennan, J., dissenting).

tion 1988 because his section 1983 action had been successful. *See* 42 U.S.C. § 1988. Rule 68, however, prevented plaintiff from recouping the costs he incurred after his refusal to accept an offer of judgment that exceeded his ultimate recovery. Because the *Marek* Court determined that plaintiff's Rule 68 costs consisted of all costs "properly awardable" under section 1988, it held that Rule 68 also operated to bar the trial court from awarding plaintiff his section 1988 attorney's fees. *Marek*, 105 S.Ct. at 3018.

■■■ Nevertheless, applying the *Marek* analysis to the case at bar does not yield the result desired by appellees. Although *appellants'* attorney's fees were "properly awardable" costs under section 1988, *appellees'* attorney's fees were not. The statute awards costs only to a "prevailing party." Moreover, the standard set forth by the Supreme Court in *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (per curiam), and *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), provides that a civil rights defendant may not be awarded attorney's fees under section 1988 unless the trial court determines that the plaintiff's action was "frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421, 98 S.Ct. at 700. In the instant case, there is absolutely no reason to believe that appellants' case was frivolous or meritless; indeed, appellants "prevailed" at trial. It follows from this that appellees' attorney's fees were not "properly awardable" costs as defined by section 1988 and, therefore, were not part of the costs shifted to plaintiff by the operation of Rule 68. To hold otherwise would fly in the face of the Supreme Court's carefully crafted decision in *Marek*, a case that appellees agree must control our decision today. Accordingly, we conclude that the court erred by ordering the Crossmans to pay appellees' post-offer attorney's fees.

### IV. Conclusion.

For the reasons elaborated above, we first hold that Rule 68 compels prevailing plaintiffs to pay defendants' post-offer costs whenever the amount ultimately recovered at trial is less than the amount of a previously refused offer of judgment. Second, because courts may not properly award attorney's fees to unsuccessful civil rights defendants under section 1988, we hold that Rule 68 can never require prevailing civil rights plaintiffs to pay defendants' post-offer attorney's fees. Applying these dual holdings to the facts of the instant case, we affirm the decision below only to the extent that it requires the Crossmans to pay appellees' post-offer taxable costs in the amount of $880.50. We reverse that portion of the district court's order awarding appellees $10,902.50 in post-offer attorney's fees.

*Affirmed in part, reversed in part.*

*No costs.*