James **POTEETE**, Plaintiff–Appellant,

v.

**CAPITAL ENGINEERING, INC.,** and Calumet National Bank, Defendants–Appellees.

Nos. 98–1531, 98–1772.

United States Court of Appeals, Seventh Circuit.

Submitted June 8, 1999.

Decided July 21, 1999.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 17, 1999.

James Poteete (submitted), Calumet City, IL, pro se.

Kirk A. Pinkerton (submitted), Pinkerton & Friedman, Munster, IN, for Defendants–Appellees.

Before POSNER, Chief Judge, and FLAUM and ROVNER, Circuit Judges.

POSNER, Chief Judge.

James Poteete, a former employee of defendant Capital Engineering, brought suit under ERISA against both Capital and the bank that administers Capital's pension plan, claiming that he was entitled to more than the vested balance of his account with the plan, which the defendants represent without contradiction to be $6,572.39 (including interest as of the date of their Rule 68 offer, of which more presently). The defendants denied that Poteete was entitled to any more than the account balance, and they made him an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure to settle his suit for that amount. He rejected the offer. The defendants then moved for summary judgment. The magistrate judge (who the parties had agreed would preside over and decide the case) granted the defendants' motion but ordered them to pay Poteete his account balance. The defendants asked the magistrate judge to award them the court costs and attorneys' fees that they had incurred after the offer of judgment had been made, some $26,000, and she did so on the authority of Rule 68, which entitles a defendant who has made an offer of judgment that the plaintiff, having turned down, then failed to better in the judgment he obtained to recover the costs incurred after making the offer.

Poteete has filed two appeals. The first, which is frivolous, is from the magistrate judge's denial of Poteete's motion under Fed.R.Civ.P. 60 to reconsider her decision on the merits of his ERISA claim. Poteete makes no effort to fit his motion to any of the criteria for relief under Rule 60, and so no further discussion of this appeal is warranted. Poteete's second appeal, which is substantial, is from the award of costs and fees under Rule 68.

Rule 68 is applicable only to cases the defendant loses. *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981); *Lentomyynti Oy v. Medivac, Inc.,* 997 F.2d 364, 375 (7th Cir.1993); *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 334 (5th Cir.1995) (per curiam). If he wins, he will normally be entitled to recover his costs (not limited, moreover, to costs incurred after he made his Rule 68 offer) under Fed.R.Civ.P. 54(d). *Delta Air Lines, Inc. v. August, supra,* 450 U.S. at 354–55, 101 S.Ct. 1146; *Lentomyynti Oy v. Medivac, Inc., supra,* 997 F.2d at 375; *Tunison v. Continental Airlines Corp.,* 162 F.3d 1187, 1194 (D.C.Cir.1998). Nominally, but perhaps more than nominally, the defendants here did win. They moved for summary judgment; they got summary judgment. Yet while the magistrate judge awarded them summary judgment, she ordered them to pay Poteete his account balance.

To grant summary judgment for a defendant *and* order him to pay the plaintiff something is irregular. The judge's actions in such a case would seem more accurately characterized as the grant of partial summary judgment to both sides. The magistrate judge may, however, have adopted the mode of disposition that she did because she believed that Poteete's entitlement to his account balance was simply not an issue, and so her "order" that the defendants pay him that balance was merely a reminder that they had agreed to do so. They have represented without contradiction from Poteete that they offered him his account balance even before it was due him under the terms of the pension plan.

But if the defendants wanted to eliminate the issue of the plaintiff's entitlement to that balance from the case, they went about it in the wrong way. Instead of simply writing him a check, with no strings attached, which would have eliminated the district court's jurisdiction over Poteete's claim to the account balance (the claim having been fully honored), *Greisz v. Household Bank*, 176 F.3d 1012, 1014–15 (7th Cir.1999), they conditioned their offer to pay him on his surrendering his other claims under the plan. That is what an offer of settlement is. The offer was therefore a genuine offer of judgment under Rule 68. The plaintiff rejected the offer, and having then gotten a judgment that was no better than the offer, the defendants are entitled to the benefits that the rule offers a defendant in such a case, but no more.

This conclusion is logical, but not sensible. Poteete was entitled to his account balance, and the defendants acknowledged that entitlement and, before suit was brought against them, were prepared to pay. Instead of taking the money Poteete brought a frivolous lawsuit, lost, and so ended up with just the account balance, which he would have gotten—and earlier— if he hadn't sued. His recourse to litigation was entirely futile and he should not be rewarded by being able to confine the defendants to the award of post-offer-of-judgment costs they would have been entitled to had the plaintiff "won" after he rejected their Rule 68 offer.

■ There is no novelty in distinguishing between a party in whose favor judgment is rendered and a party who obtains meaningful relief. A plaintiff who sues for $1 billion and receives a judgment for 1¢ is technically the prevailing party, *Farrar v. Hobby*, 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), but he will be awarded zero attorneys' fees under a statute that makes the award of fees to a prevailing party a matter of course. *Id.* at 114–15, 113 S.Ct. 566; *Cole v. Wodziak*, 169 F.3d 486 (7th Cir.1999); *Hyde v.*

*Small*, 123 F.3d 583 (7th Cir.1997); *Pino v. Locascio*, 101 F.3d 235, 238–39 (2d Cir. 1996). Moreover, if a suit is frivolous, and settled merely for its nuisance value, the plaintiff is not even a prevailing party in a technical sense. *Fisher v. Kelly*, 105 F.3d 350, 353–54 (7th Cir.1997). The plaintiff in this case obtained a judgment, not a settlement—a paradoxical outcome of a frivolous suit but one best explained as not a judgment resolving a legal dispute but merely a confirmation of the plaintiff's acknowledged entitlement. The account balance was never really part of the stakes in this litigation.

By analogy to the cases just discussed, we think that the defendants are entitled not merely to the costs that a Rule 68 offeror is entitled to if the offer is at least as generous as the judgment the plaintiff ultimately receives but to the costs to which the defendant in a frivolous suit would be entitled. They have not cross-appealed, however, seeking recovery of the costs they incurred before making the offer of judgment; they are evidently content with what the judge gave them.

■ But that does not make our analysis academic. The judge awarded the defendants not only their post-offer costs but also their post-offer attorneys' fees. Rule 68 does not entitle a defendant to recover his attorneys' fees. *In re Water Valley Finishing, Inc.*, 139 F.3d 325, 328 (2d Cir.1998) (per curiam); *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1120 (8th Cir.1989); *Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263 (6th Cir.1988); *Crossman v. Marcoccio*, 806 F.2d 329, 334 (1st Cir. 1986); see also *Grosvenor v. Brienen*, 801 F.2d 944, 946 n. 4 (7th Cir.1986); cf. *Fletcher v. City of Fort Wayne*, 162 F.3d 975 (7th Cir.1998); *Pigeaud v. McLaren*, 699 F.2d 401, 403 (7th Cir.1983). Remember that the rule applies only to a defendant who loses (but does better than he would have done if the plaintiff had accepted the offer of judgment). The statutes and common law principles that sometimes entitle a party to recover his attorneys'

fees limit that entitlement to prevailing parties, see, e.g., 29 U.S.C. § 1132(g)(1); 28 U.S.C. § 2412(d)(1)(A); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998); *Vukadinovich v. McCarthy*, 59 F.3d 58, 61 (7th Cir.1995); *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 830 (7th Cir.1984), and any defendant who is entitled to invoke Rule 68 is by definition not a prevailing party. The magistrate judge therefore erred in awarding the defendants any attorneys' fees on the authority of Rule 68, even if she was right (but she was not) that the rule was applicable in this case. Since the suit was frivolous, the defendants may well be entitled to an award of fees anyway. But that is a matter to be decided by the district court in the first instance. The case must be remanded accordingly.

VACATED AND REMANDED.