In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1818

Joseph Payne,

Plaintiff-Appellant,

v.

Milwaukee County, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 93 C 1380--Patricia J. Gorence, Magistrate Judge.

Argued February 27, 2002--Decided May 3, 2002


   Before Bauer, Kanne, and Diane P. Wood,
Circuit Judges.

   Diane P. Wood, Circuit Judge.  This is
the second time we have seen Joseph
Payne's case, in which he asserted that
Milwaukee County, its Personnel Review
Board, and certain officers (collectively
Milwaukee County) had unlawfully
terminated him in violation of his First
Amendment rights, and thus in violation
of 42 U.S.C. sec. 1983. The factual
background of Payne's claims is set forth
in our earlier opinion, see Payne v.
Milwaukee County, 146 F.3d 430 (7th Cir.
1998), and there is no need to repeat it
here in detail. The present appeal
concerns the application of Fed. R. Civ. P.
68 in a civil rights case, where a
prevailing plaintiff's entitlement to
attorneys' fees arises under 42 U.S.C.
sec. 1988. We conclude that the district
court erred in its decision to require
Payne to pay the defendants' attorneys'
fees, and we remand for further
proceedings.

I

   Payne was discharged from his position
in the Medical Examiner's Office for
Milwaukee County in 1991, in the wake of
correspondence he sent to various public
officials in which he accused the Medical
Examiner's Office of discrimination.

After lodging appropriate charges with the EEOC, Payne filed his complaint on December 13, 1993; an amended complaint followed on September 30, 1994.

A first trial took place before a jury on April 21, 1997, and ended with judgment as a matter of law for the defendants on April 24, 1997. That judgment was appealed, and this court reversed in part, ordering a new trial on the First Amendment retaliation claim. The new trial took place on November 1, 1999. The jury returned a special verdict for Payne, finding that his protected speech was indeed a factor in his termination by Milwaukee County and its Personnel Review Board. For that, the jury awarded damages of $10,400; the court later denied Payne's motion for the entry of certain remedial orders and a new trial.

Before the first trial took place, Milwaukee County filed an Offer of Judgment pursuant to Fed. R. Civ. P. 68 on February 12, 1996, which read as follows:

I. Money Only Offer: The Defendants agree to pay the Plaintiff a lump sum of $37,500 in full and complete settlement of any and all claims which arose out of the plaintiff's employment with Milwaukee County. II. Alternative Offer: Job and Money: The Defendants agree to employ the Plaintiff as a Human Service Worker, pay range $24,000-$39,000. . . . The Defendants would also pay $18,000 in a lump sum to the Plaintiff and his attorney.

Thus, Payne had a choice: $37,500 on the table, or the lesser amount of $18,000 plus a new job with Milwaukee County. He elected to accept neither one. By making this choice, he accepted the risk that if he ended up winning at trial a damage award lower than what was offered, his entitlement to post-offer costs and attorneys' fees under 42 U.S.C. sec. 1988 would be lost. Not only that: he would also be saddled with Milwaukee County's post-offer costs. This is precisely what happened, as the jury's verdict in Payne's favor after the second trial was for only $10,400, a lower amount than either judgment option in Milwaukee County's Rule 68 offer.

After the verdict, the three lawyers who

had represented Payne filed motions for their fees, all relying on sec. 1988. John Uelman spent 104.5 hours working on the case prior to the February 12, 1996, Offer of Judgment, and the district court awarded him the full amount he claimed up to that date, plus certain costs. Robert Sutton also asked for fees in the amount of $75,550 for work done from January 25, 1997, through December 21, 1999. A third attorney, Larraine McNamara-McGraw was going to seek fees of $31,200 in connection with the appeal after the first trial, but she failed to file her motion in time, and she is not involved in this appeal. The appeal thus concerns only Attorney Sutton's right to fees, on Payne's side.

Milwaukee County opposed these requests insofar as they covered fees for work done after February 12, 1996. (At one point they mention the date February 9, 1996, but the Magistrate Judge ignored this, and so shall we.) Not only that, but Milwaukee County also sought to have its own costs and attorneys' fees taxed against Payne, once again because the final award Payne received was less than the amount they had offered. The district court (Magistrate Judge Gorence, sitting by consent) decided that Milwaukee County was entitled to both its costs pursuant to Rule 68 and its attorneys' fees, while Sutton was not entitled to anything.

II

Although a prevailing plaintiff in a civil rights case is normally entitled to costs pursuant to Fed. R. Civ. P. 54(d), and to attorneys' fees under 42 U.S.C. sec. 1988, those rules are qualified by the operation of Fed. R. Civ. P. 68. Rule 68 is designed to provide a disincentive for plaintiffs from continuing to litigate a case after being presented with a reasonable offer. The part of Rule 68 critical to this appeal is a cost-shifting provision affecting a plaintiff who rejects a good-faith offer that turns out to be equal to or more than the actual judgment:

If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

See Marek v. Chesny, 473 U.S. 1 (1985); Delta Air Lines, Inc. v. August, 450 U.S.

346, 351-56 (1981). Payne finds himself precisely in the situation covered by Rule 68: in hindsight, he would have been better off accepting either one of Milwaukee County's offers, rather than taking his chances at trial. He therefore must bear whatever consequences the rule prescribes for his failure accurately to evaluate his claim (or perhaps for the murkiness of his crystal ball). Rule 68 is designed to change the incentive structure of a plaintiff faced with a reasonable offer. The twin aims of the rule, in its ex post application, are to compensate the defense for costs it ought not to have incurred, and to deter future plaintiffs from lightly disregarding rea sonable settlement offers made with the formalities prescribed by the rule. See Moriarty v. Svec, 233 F.3d 955, 967 (7th Cir. 2000).

These twin aims lead to two analytically distinct questions in this case: as compared to a legal landscape without a Rule 68, the first question is what entitlement Payne has lost because the eventual verdict in his favor was less than Milwaukee County's offer of judgment; the second is what entitlement Milwaukee County has gained in the way of rights to payments from Payne because its offer was rejected.

Before addressing those questions, we must consider one preliminary argument Payne has advanced: he claims that Milwaukee County's failure to renew its Rule 68 offer after the result in the original trial was partially set aside by this court means that there was no operative Rule 68 offer at all to bar his right to full fees and costs. That is simply wrong. The Advisory Committee Notes to the 1946 amendment to the rule state that "[i]t is implicit, however, that as long as the case continues-- whether there be a first, second or third trial--and the defendant makes no further offer, his first and only offer will operate to save him the costs from the time of that offer if the plaintiff ultimately obtains a judgment less than the sum offered." See also 12 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure 2d sec. 3003, at 102 (2d ed. 1997). This position is fully consistent with the language of the rule, which permits subsequent offers, but says nothing about

depriving offers that have not been superseded by a later offer of their legal force. Ours is therefore a case in which a valid Rule 68 offer was on the table.


### 1. Payne's Claims for Fees and Costs

To establish that Milwaukee County must pay for Attorney Sutton's fees and the costs of the litigation after February 12, 1996, Payne must show, as required by 42 U.S.C. sec. 1988(b), that he was a prevailing party, and that Rule 68 does not preclude Milwaukee County's liability as to his costs. Milwaukee County seemed to suggest at oral argument that Payne did not really "prevail," but that is plainly not true. Payne did prevail, to the tune of $10,400. Had he lost, he would not have been entitled to any of his own attorneys' fees or costs anyway, by the straightforward operation of Rule 54(d) and sec. 1988. The argument is also misguided: Rule 68 can work the way Milwaukee County argues for only if the plaintiff is, indeed, the prevailing party. Had he not prevailed in some significant sense, Milwaukee County would be confined to Rule 54(d), and Rule 68 would have simply no application. See Delta Air Lines, 450 U.S. at 352; Lentomyynti Oy v. Medivac, Inc., 997 F.2d 364, 375 (7th Cir. 1993).

Payne's first effort to show that Milwaukee County should pay his costs is an argument that the "real" amount he re covered--or should have recovered--was worth more than the offered $37,500. He reasons that he should have been awarded back pay along with the $10,400 the jury gave him, and if the court had entered such an order, then the amount would have exceeded Milwaukee County's offer. But that approach introduces an impossible level of speculation into the operation of Rule 68. We cannot divine how much any such award might have been. The fact is that the final judgment of the district court did not include a back pay element, and Payne has not appealed from that aspect of the judgment. We thus take as final the actual verdict amount and assess the consequences for Rule 68 from that amount.

The only other hope Payne might have had to recover his costs was squelched a long

time ago when the Supreme Court decided Marek. In that case, a civil rights plaintiff who prevailed at trial but received less than a Rule 68 offer argued that attorneys' fees were not subject to the Rule 68 cost-shifting structure. The Supreme Court disagreed. It held that "[s]ince Congress expressly included attorneys' fees as 'costs' available to a plaintiff in a sec. 1983 suit, such fees are subject to the cost-shifting provision of Rule 68." 473 U.S. at 9. It went on to make clear that "[c]ivil rights plaintiffs--along with other plaintiffs--who reject an offer more favorable than what is thereafter recovered at trial will not recover attorneys' fees for services performed after the offer is rejected." Id. at 10. We see no way, in the face of such clear language from the Supreme Court, to hold anything but that the district court correctly found that Attorney Sutton was not entitled to his fees (all of which were incurred after the date of the Rule 68 offer).

## 2. Milwaukee County's Claims for Fees and Costs

The situation with respect to Milwaukee County is slightly more complicated. Under the language of Rule 68 quoted above, not only must a prevailing plaintiff like Payne bear the expense of his own attorneys' work, but he must also pay the defendant's post-offer "costs." The question we must decide is what the word "costs" means in this context--an issue that Marek left open. The district court opted for symmetry, reasoning that since the word "costs" includes attorneys' fees from a plaintiff's position, accordingly "costs" ought to include attorneys' fees when the defendant asserts a right to recover its post-offer costs.

There is a superficial appeal to this reading, but upon closer examination we conclude that it fails to take into account the strict link the Supreme Court has drawn between the concept of "costs" in Rule 68 and the underlying statute that gives rise to a right to attorneys' fees. Briefly put, "costs" cannot encompass more than the rules or other relevant statutes authorize. Here, the relevant statute is sec. 1988, which is

not a two-way fee-shifting statute. This was no accident; the rationale behind the asymmetry between prevailing plaintiffs and prevailing defendants was addressed by the Supreme Court in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978). As the Court later explained, Christiansburg and Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400 (1968), stand for the propositions that "a prevailing plaintiff should ordinarily recover an attorneys' fee . . . based on what we found to be the important policy objectives of the Civil Rights statutes, and the intent of Congress to achieve such objectives through the use of plaintiffs as private attorneys general. In Christiansburg we determined that the same policy considerations were not at work in the case of a prevailing civil rights defendant." Fogerty v. Fantasy, Inc., 510 U.S. 517, 522-23 (1994). Christiansburg identified three reasons for distinguishing between defendants and plaintiffs: the need to facilitate the enforcement of the civil rights laws through "private attorneys general," 434 U.S. at 416-18; the risk of creating a disincentive for plaintiffs to bring civil rights suits if prevailing defendants could obtain their attorneys' fees as a matter of course, id. at 421-22; and lastly, "when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law," id. at 418.

In the specific context of Rule 68 offers, the First Circuit endorsed the approach that is faithful to the structure of sec. 1988 in Crossman v. Marcoccio, 806 F.2d 329 (1st Cir. 1986), and we find its analysis instructive. There, a sec. 1983 plaintiff prevailed at trial, though for an amount lower than the Rule 68 offer the defendant had made, and the defendant then moved for attorneys' fees. The Crossman court recognized that, based on the language of the civil rights attorneys' fee statute, a party must be the "prevailing party" in order to have a right to fees. As the defendant was not the "prevailing party," his attorneys' fees were not recoverable as costs under the terms of sec. 1988.

This is the first time that this court has been squarely presented with the Crossman issue, but we endorsed the same reasoning that the First Circuit adopted

while Crossman was still pending on appeal. In Grosvenor v. Brienen, 801 F.2d 944 (7th Cir. 1986), we suggested, without deciding the point, that Marek implies that one must look to the underlying statute authorizing fees in the course of applying Rule 68. See Grosvenor, 801 F.2d at 946 n. 4 ("[I]t is doubtful that a prevailing plaintiff should have the defendant's post-offer attorneys' fees imposed upon him."). We reasoned that sec. 1988 allows only a prevailing party to recover fees, and that Rule 68--requiring that the plaintiff be the prevailing party--is inconsistent with a recovery by the losing defendant of attorneys' fees. Under sec. 1988, we noted, such fees may be recovered from a plaintiff only if the plaintiff's claim is frivolous or vexatious--hardly the case where the plaintiff has prevailed. See Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2 (1983) (prevailing defendant may recover attorney's fees only when suit vexatious, frivolous, or brought to harass or embarrass defendant).

The official endorsement of the Grosvenor/Crossman position came later in Harbor Motor Co. v. Arnell Chevrolet-Geo, Inc., 265 F.3d 638 (7th Cir. 2001). There we considered whether a defendant could receive attorneys' fees after a spurned Rule 68 offer in a copyright case. The Copyright Act provides, as does sec. 1988, for the collection of attorneys' fees by the prevailing party. 17 U.S.C. sec. 505. The defendant in Harbor Motor was not the prevailing party; nevertheless, because of Rule 68 the defendant was relieved of the obligation to pay the plaintiff's post-offer attorneys' fees. Following Crossman, we concluded that the requirement under the Copyright Act that a party must have prevailed before it is entitled to fees meant that the defendant could not recover its own post-offer fees. See also O'Brien v. City of Greers Ferry, 873 F.2d 1115, 1120 (8th Cir. 1989); 12 Wright & Miller, sec. 3006.2, at 132 (defendants may recover fees as part of the Rule 68 costs only if they can satisfy the otherwise applicable statutory standard for recovery).

We are persuaded that Grosvenor, Harbor Motor, and the cases from our sister circuits are correct. They are consistent

with the Supreme Court's general admonition in Marek to assess the right to attorneys' fees in the light of the underlying statute that creates the right to such fees. If sec. 1988 did not rest explicitly on a party's status as a "prevailing" party before fees could be recovered, we would have a different case. But it does, and this court has unequivocally held that defendants who make more generous Rule 68 offers than the winning plaintiff wins from a jury are not "prevailing parties." See Poteete v. Capital Engineering, Inc., 185 F.3d 804 (7th Cir. 1999). Indeed, as we noted earlier, if a defendant prevails, the entire question of fees and costs is assessed differently.

Milwaukee County's right to costs, as opposed to fees, does not depend upon sec. 1988, and thus the costs question must be analyzed separately. Rule 54(d) of the Federal Rules of Civil Procedure sets forth the general rule that costs other than attorneys' fees "shall be allowed as of course to the prevailing party," except as otherwise provided by statute or in the rules. Rule 68 does provide otherwise, by explicitly calling for the plaintiff to bear the defendant's costs if the final judgment is less favorable than the offer. The district court's final order in this case did not distinguish between Milwaukee County's post-offer attorneys' fees and its post-offer costs. A remand will therefore be necessary to sort out those two elements; Milwaukee County is entitled only to the post-offer costs.

III

For the reasons stated, we Affirm the district court's judgment insofar as it denies post-offer attorneys' fees and costs to Payne; we Reverse the judgment insofar as it awards post-offer attorneys' fees to the defendants; and we Remand for the purpose of determining the post-offer costs to which defendants are entitled.