Judi BOISSON and American Country Quilts and Linens, Inc. d/b/a/ Judi Boisson American Country, Plaintiffs,

v.

BANIAN LTD., and Vijay Rao, Defendants.

No. CV 97–1266.

United States District Court, E.D. New York.

May 18, 2004.

Kaplan, Gottbetter & Levenson, LLP, by Paul R. Levenson, Ashima Aggarwal, New York City, for Plaintiff.

Greenberg Traurig LLP, by G. Roxanne Elings, Studipta Rao, New York City, for Defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is a copyright infringement action commenced by Plaintiffs Judi Boisson and her wholly-owned company, American Country Quilts and Linens, Inc. (collectively "Plaintiff") against Defendants Banian, Inc. and its principal, Vijay Rao (collectively "Defendant"). Presently before the court are the parties' cross motions for an award of costs pursuant to Rules 54 and 68 of the Federal Rules of Civil Procedure.

## BACKGROUND

I. *Procedural Background: History of the Litigation*

Plaintiff's action was tried by The Honorable Thomas C. Platt of this court who rendered a decision in favor of Defendant, finding that no design set forth in the complaint infringed on Plaintiff's copyrighted designs.

Plaintiff appealed and, on appeal, the Second Circuit affirmed the finding of no infringement with respect to one of the designs but held that two of Defendant's designs infringed on one of Plaintiff's copyrights. In view of the finding of infringement, the appellate court remanded this matter to make findings regarding Plaintiff's claims for damages and attorneys' fees.

In an opinion dated September 3, 2003, this court held that Plaintiff was entitled to statutory damages in the amount of $4,406. In light of the finding that there was not a substantial likelihood of future infringement, the court declined to enter a permanent injunction against Defendant. Although each party had arguably achieved some measure of success, and both moved for an award of "prevailing party" attorneys' fees pursuant to the Copyright Act, *see* 17 U.S.C. § 505, this court held that Plaintiff was the prevailing party in the litigation.

Despite the holding that Plaintiff had achieved prevailing party status, the court held that Plaintiff was not entitled to an award of attorneys' fees. When declining to award attorneys' fees, the court noted that a prevailing party in a copyright action is entitled to fees only if justified by the conduct of the of the non-prevailing party. In view of the facts, *inter alia*, that Defendants had not acted frivolously or with objective unreasonableness, the court denied Plaintiff's claim for attorneys' fees.

## II. *The Parties' Requests For Costs and the Present Motions*

After this court issued its opinion on damages and fees, Plaintiff submitted a bill of costs pursuant to Rule 54 of the Federal Rules of Civil Procedure ("Rule 54"). Plaintiff's bill of costs seeks costs in the amount of $4,488.60. In addition to opposing Plaintiffs' application, Defendant moves for an award of costs pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68"). Defendant's request stems from the fact that Defendant made a pretrial offer of judgment which exceeded the amount ultimately awarded to Plaintiff. Defendant's Rule 68 request seeks costs in the amount of

$8,889.77 and attorneys' fees in the amount of $84,907.14.

The motions presently before the court are those of the parties' seeking to prevail on their claims for costs. After outlining the relevant legal principles, the court will turn to the merits of the motions.

## DISCUSSION

### I. *Legal Principals*

#### A. *Costs Recoverable Under Rule 54*

■ With certain limited exceptions, not relevant here, Rule 54 states that costs, other than attorneys' fees, are to be "allowed as of course to the prevailing party." Fed. R.Civ.P. 54(d). Costs may be taxed by the Clerk of the Court on one day's notice. The action of the Clerk may be reviewed by the court on motion made within five days of the original taxing of costs. Because Rule 54 specifically excludes attorneys' fees from the definition of costs, it is clear that there is no right to recover attorneys fees in connection with Rule 54.

Like most actions, costs recoverable in a copyright action, are those recoverable pursuant to 28 U.S.C. § 1920 ("Section 1920"). *See United States Media Corp., Inc. v. Edde Entertainment, Inc.*, 1999 WL 498216 (S.D.N.Y.1999). Such costs include, for example, filing fees and transcript fees paid to court reporters. *See* 28 U.S.C. § 1920 (listing costs that may be taxed).

In this district, Section 1920 must be read in conjunction with Local Rule 54.1 of the Local Rules of the Eastern District of New York ("Local Rule 54"). Together, the statute and Local Rule 54 set forth those costs properly recoverable pursuant to Rule 54. For example, transcript fees are recoverable pursuant to Section 1920, but only to the extent that such fees represent the cost of transcripts that were "necessarily obtained for the case . . . ." 28 U.S.C. § 1920(2). Similarly, Local Rule 54 provides that the cost of "any part of the original trial transcript that was necessarily obtained for use in this court or on appeal is taxable." Local Rule 54.1(c)(1). If transcripts are expedited and obtained principally for the convenience of

the parties, such fees are not properly recoverable. *See Malloy v. City of New York,* 2000 WL 863464 *1 (E.D.N.Y.2000). Similarly, the cost of deposition transcripts are properly taxed as costs only where such transcripts are obtained for use at trial and not solely for discovery purposes and the convenience of counsel. *United States Media Corp.,* 1999 WL 498216 at *9–10.

Local Rule 54 also sets forth which costs incurred in connection with witness attendance at trial are recoverable. Specifically, "witness fees" and mileage, as set forth in 28 U.S.C. § 1821 are taxable costs if a witness, other than a party, testifies. Subsistence, pursuant to 28 U.S.C. § 1821 is taxable only if it is not practicable for a witness who testifies on more than one trial day to return home during the trial. *Id.* Fees for expert witnesses are taxable only to the same extent as ordinary witness fees. Thus, the hourly cost of expert witnesses is not properly taxable. *Id.*

## B. *Costs Recoverable Under Rule 68*

### 1. *General Principals*

Rule 68, entitled "Offer of Judgment," allows a defendant to serve upon an adverse party an offer to allow judgment to be taken against the defending party for the amount specified in the offer, with costs then accrued. If the party to whom the offer is made accepts that offer, judgment in the amount offered is entered. If, on the other hand, the party chooses not to accept the offer, the offer is deemed withdrawn and evidence of the offer is inadmissible. Fed. R.Civ.P. 68. If, after trial, the judgment obtained by the party to whom the Rule 68 offer was made is not more favorable than the offer, the party who rejected the offer is required to "pay the costs incurred after the making of the offer." Fed.R.Civ.P. 68.

The purpose of Rule 68 is to encourage settlement and thereby avoid unnecessary litigation. *Marek v. Chesny,* 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); *Foster v. Kings Park Central School District,* 174 F.R.D. 19, 23 (E.D.N.Y.1997). These purposes are furthered because the making of a Rule 68 offer encourages parties to consider and balance the strengths and weaknesses of their claims against the costs and risks associated with litigation. *Id.*

### 2. *Rule 68 "Costs"*

It is clear that the costs recoverable pursuant to Rule 54 are included within the Rule 68 definition of costs. Thus, where a plaintiff obtains a judgment that is less than favorable that defendant's Rule 68 offer of judgment, the plaintiff must pay defendant the same Rule 54 costs that would have otherwise have been recovered by plaintiff. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.,* 342 F.3d 1016, 1031 (9th Cir.2003). What is less than clear, however, is whether there is an entitlement to recoup attorneys' fees. This is a significant issue since the cost of attorneys' fees often dwarf other expenses.

In *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), the Supreme Court of the United States considered whether Rule 68 costs include attorneys' fees where the offer of judgment is made in the context of civil rights litigation pursuant to 42 U.S.C. § 1983 ("Section 1983"). In *Marek,* defendants made a pre-trial Rule 68 offer of $100,000. The offer was not accepted and plaintiff was ultimately awarded a total of $60,000. Although plaintiff was the prevailing party and therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988 ("Section 1988"), defendant argued that it was not liable for attorney fees incurred by plaintiff after the making of the Rule 68 offer.

When considering this argument, the Supreme Court noted that Section 1988 includes attorneys' fees within the definition of "costs." *See* 42 U.S.C. § 1988. The court held that Plaintiff could not collect attorneys fees incurred after the making of the Rule 68 offer. As stated in *Marek,* "[a]s used in Rule 68, the term 'costs' refers to all costs awardable under the statute or other authority that is the basis for the underlying claim." *Marek,* 473 U.S. at 9, 105 S.Ct. 3012.

Although *Marek* precludes a plaintiff from recovering attorneys' fees incurred after the making of the Rule 68 offer, it does not discuss whether the offering defendant is

entitled to recover attorneys' fees incurred after the making of the offer. Most courts considering this issue in the context of civil rights actions, have held that there is no such right to recovery. *See, e.g., Le v. University of Pennsylvania,* 321 F.3d 403 410–11(3d Cir. 2003) (denying defendant Rule 68 attorneys' fees in Title VII action); *Payne v. Milwaukee County,* 288 F.3d 1021, 1027 (7th Cir. 2002) (denying defendant Rule 68 attorneys' fees in case brought pursuant to 42 U.S.C. § 1983); *E.E.O.C. v. Bailey Ford, Inc.,* 26 F.3d 570 (5th Cir.1994) (same); *O'Brien v. City of Greers Ferry,* 873 F.2d 1115 (8th Cir.1989) (same); *Crossman v. Marcoccio,* 806 F.2d 329 (1st Cir.1986) (same); *Jolly v. Coughlin,* 1999 WL 20895 *12 (S.D.N.Y.1999) (same).

Courts denying defendants the right to recover post-offer attorneys' fees note that while *Marek* states, simply, that "costs" include attorneys' fees where authorized by statute, *Marek* also holds that such costs are recoverable only if they are "properly awardable" under the relevant statute. *Marek,* 473 U.S. at 9, 105 S.Ct. 3012; *see, e.g., Crossman,* 806 F.2d at 333–34. Where, as in civil rights cases, costs and fees are properly awardable only to the prevailing party, a defendant who has not prevailed is not entitled to attorneys' fees when seeking to collect costs pursuant to Rule 68. *Id.*

Cases involving other fee shifting statutes have similarly held that attorneys' fees may be recovered pursuant to Rule 68 only if such fees are "properly awardable" under the relevant statute. If prevailing party status is a prerequisite to such an award, a defendant who has not "prevailed" within the meaning of the statute, may not recover attorneys' fees as part of a Rule 68 award. *See, e.g., Champion,* 342 F.3d at 1030–31(denying defendant attorneys' fees in case arising under state law defining costs to include fees to a prevailing party); *Poteete v. Capital Engineering, Inc.,* 185 F.3d 804, 807–08 (7th Cir. 1999) (denying defendant attorneys' fees in case arising under ERISA statute entitling fees only to prevailing party); *cf. United States v. Trident Seafoods Corp.,* 92 F.3d 855, 860 (9th Cir.1996) (denying defendant attorneys' fees in case brought pursuant to

Clean Air Act which awards fees only if the action commenced against the defendant was "unreasonable").

The issue of whether to include an award of attorneys' fees in a copyright action involving a Rule 68 offer of judgment has not been decided by the Court of Appeals for the Second Circuit. The Copyright Act, like Section 1988, allows costs to include an award of a reasonable attorney's fee. 17 U.S.C. § 505; *see Matthew Bender & Co. v. West Publishing Co.,* 240 F.3d 116, 120 (2d Cir.2001). Such costs, however, including a possible award of fees, are awarded only to the prevailing party. As noted in this court's earlier opinion herein, even prevailing party status, standing alone, does not require an award of fees in a copyright action. *See Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (noting that attorney's fees are not be awarded automatically, but rather the decision is within the court's discretion). Instead, the court considers the conduct of the non-prevailing party when determining whether an award of fees is appropriate. Such factors include frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence. *Id. Matthew Bender,* 240 F.3d at 122; *Video–Cinema Films, Inc. v. Cable News Network, Inc.,* 2003 WL 1701904 *1 (S.D.N.Y. March 31, 2003).

In *Harbor Motor Co. v. Arnell Chevrolet–Geo, Inc.,* 265 F.3d 638 (7th Cir.2001), the Court of Appeals for the Seventh Circuit analogized cases arising under the Copyright Act to those arising in the context of Section 1988. Because both statutes include an award of attorneys' fees as part of the costs, but only to a prevailing party, the court held that a non-prevailing defendant cannot recover attorneys' fees as part of a Rule 68 award. *Id.* at 647; *accord Bruce v. Weekly World News, Inc.,* 203 F.R.D. 51, 54–55 (D.Mass. 2001).

In contrast is the position taken by the Eleventh Circuit in the case of *Jordan v. Time, Inc.,* 111 F.3d 102 (11th Cir.1997). There, defendant made a Rule 68 offer of judgment which exceeded the amount ultimately awarded to plaintiff on a copyright

infringement claim. *Id.* at 104. In a *per curiam* opinion, the Eleventh Circuit agreed and awarded defendant all attorney's fees incurred after the making of the Rule 68 offer. *Id.* at 105; *accord Lucas v. Wild Dunes Real Estate, Inc.,* 197 F.R.D. 172, 175–76 (D.S.C.2000). Unlike *Harbor Motor,* neither *Jordan* nor *Lucas* considered *Marek's* "properly awardable" language and, instead focused only on the Supreme Court's statement that "[a]s used in Rule 68, the term 'costs' refers to all costs awardable under the statute or other authority that is the basis for the underlying claim." *Marek,* 473 U.S. at 9, 105 S.Ct. 3012.

## II. *Disposition of the Rules 54 and 68 Motions*

This case was commenced in March of 1997. In July of 1998, Defendant made a Rule 68 offer of judgment in the amount of $12,000. After trial, appeal and this court's opinion on damages, Plaintiff was ultimately awarded $4,4806. This award was less favorable that Defendant's Rule 68 offer of judgment. While both parties claimed prevailing party status, this court held that Plaintiff was the prevailing party but that the conduct of Defendant did not justify an award of attorneys' fees. It is against the backdrop of these facts, that the court turns to the merits of the motions.

### A. *Plaintiff's Rule 54 Motion*

■ First, given this court's holding that it is the Plaintiff who is entitled to prevailing party status, there is little difficulty holding that Plaintiff is entitled to recover the costs set forth in Rule 54. The rejection of the more favorable Rule 68 offer, however, limits the recovery of such costs to those incurred prior to the making of the offer. Thus, Plaintiff's motion pursuant to Rule 54 is granted to the extent of all costs incurred prior to July 10, 1998.

### B. *Defendant's Rule 68 Motion*

■ Defendant's Rule 68 motion seeks $8,8889.77 in costs alleged to fall within the definition of those taxable pursuant to Local Rule 54, as well as approximately $85,000 in attorney's fees. Turning first to Defendant's request to recover post-offer attorneys' fees, the court holds that this motion must be denied. The court finds persuasive those cases discussed above holding that attorneys' fees may be recovered pursuant to Rule 68 only if they are "properly awarded" pursuant to the relevant statute. *E.g., Le,* 321 F.3d at 410–11; *Payne,* 288 F.3d at 1027; *Crossman,* 806 F.2d at 333–34. It is this court's view that the analysis of these cases is truer to that of the Supreme Court in *Marek* and to the language of the Copyright Act.

Particularly persuasive is the opinion of the Seventh Circuit Court of Appeals in *Harbor Motor,* where the court denied Rule 68 attorneys' fees in a copyright case on the ground that the party seeking fees was not the prevailing party. *Harbor Motor,* 265 F.3d at 647. As in *Harbor Motor,* the party seeking an award of attorney's fees here has not been deemed the prevailing party in the litigation. In view of the fact that the Copyright Act allows an award of attorneys' fees only to such a party, the court holds that attorney's fees are not "properly awardable," to Defendant within the meaning of *Marek.* Accordingly, the court denies Defendant's Rule 68 motion for attorneys' fees.

Plaintiff appears to concede that Defendant is entitled to costs incurred after July 10, 1998. Plaintiff quarrels, however, with the amount sought. This court has outlined above those costs recoverable as set forth in Local Rule 54. Defendant is ordered to resubmit a bill of costs in accord with that Rule.

## CONCLUSION

For the foregoing reasons, the court grants in part and denies in part both parties' motions. Plaintiff is entitled to recover the Rule 54 costs incurred in this litigation, but only to the extent of costs incurred prior to July 10, 1998. Defendant is entitled to recover Rule 54 costs incurred after July 10, 1998. Defendant's request for attorneys' fees pursuant to Rule 68 is denied.

The parties may submit new bills of costs within thirty days of the date of this memorandum and order. Both parties bills of costs shall include only those costs properly

taxable pursuant to Local Rule 54. The Clerk of the Court is directed to disregard the bills of costs previously submitted by the parties and to terminate the motions.

SO ORDERED.