# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2010

No. 09-30665
Summary Calendar

Lyle W. Cayce
Clerk

CHRISTOPHER WEISER

Plaintiff - Appellant

v.

HORACE MANN INSURANCE COMPANY

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:06-CV-9080

Before GARZA, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Following a bench trial, the district court entered judgment in favor of Christopher Weiser ("Weiser") and against Horace Mann Insurance Co. ("Horace Mann"). The court, however, awarded Weiser substantially less in property damages than he sought. Weiser appeals the judgment, including the court's decision not to award penalties or full costs.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30665

The case began when Hurricane Katrina damaged Weiser's home in August 2005. Weiser held a homeowner's insurance policy issued by Horace Mann that excluded flood damage.[1] Weiser reported the damage to Horace Mann, which sent an adjuster to his home. The adjuster determined the damage was principally caused by flooding, with flood water in the one-story home reaching over six feet. Based on its adjuster's report, Horace Mann paid Weiser $592.46 for minor exterior structural damage caused by wind. The company determined any other damage to the home and its contents was caused by flooding and thus not covered under the policy.

Weiser disagreed, and in August 2006, filed suit against Horace Mann alleging that Horace Mann had breached its insurance contract and violated Louisiana good faith law, which, *inter alia*, requires an insurer to adjust and pay claims within a statutory time limit. LA. REV. STAT. ANN. §§ 22:658 (2007); 22:1220 (2007).[2] The statutes allow an insured to recover penalties if any delays were "arbitrary, capricious, or without probable cause." *Id.*

After conducting a bench trial, the district court found flooding caused the majority of the damage and held Horace Mann liable only for a relatively small amount of unpaid exterior damage. The court found that Horace Mann had not breached its good faith duties and denied any penalties. Additionally the court held that Weiser could only recover part of his pre-settlement offer costs under FED. R. CIV. P. 54(d).[3]

---

[1] Weiser held a separate flood policy issued by Fidelity Insurance Co. ("Fidelity"). Fidelity paid Weiser his policy limits for structural and contents damage, which were approximately $5,000 less than the adjusted damages. Fidelity is not involved in this case.

[2] LA. REV. STAT. ANN. § 22:658 was redesignated as § 22:1892 in 2009. LA. REV. STAT. ANN. § 22:1220 was redesignated as § 22:1973 in 2009.

[3] Because Horace Mann made a FED. R. CIV. P. 68 offer that was greater than Weiser's ultimate recovery, Weiser could only recover pre-offer costs. *See Payne v. Milwaukee County*, 288 F.3d 1021, 1024 (7th Cir. 2002).

No. 09-30665

On appeal from a bench trial, we review conclusions of law and mixed questions of fact and law de novo. *Am. Int'l Specialty Lines Ins. Co. v. Res-Care, Inc.*, 529 F.3d 649, 656 (5th Cir. 2008) (citation omitted). We review findings of fact for clear error. *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 294 (5th Cir. 2009) (citation omitted). In addition, when a court denies full costs to the prevailing party under FED. R. CIV. P. 54(d), we review for abuse of discretion. *Salley v. E.I. Du Pont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992).

After a careful review of the briefs, the district court's thorough and thoughtful order and reasons, and all relevant portions of the record, we find no reversible error in the district court's judgment on damages and good faith. Furthermore, the district court clearly stated reasons for denying full pre-settlement costs to Weiser, and we find the decision was not an abuse of discretion. *See id.*

**AFFIRMED.**